380 A.2d 820

**Robert J. NATH and Henrietta Nath, his wife, Appellants,**

**v.**

**ST. CLAIR MEMORIAL HOSPITAL, a corporation, Dutney J. Hayes, M.D., Robert McIlvaine and Ruth Tarquinio.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided Dec. 2, 1977.

F. Peter Dixon, Pittsburgh, for appellants.

Bruce R. Martin, Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

The issue before our Court on this appeal is whether the lower court abused its discretion when it granted appellee Dutney J. Hayes' motion for a non pros. For the reasons hereafter set forth, we reverse.

The appellants in this case filed suit against all of the above parties on September 26, 1972, by means of a praecipe for writ of summons in trespass and assumpsit. These writs were never served, however, and were reissued on March 7, 1974. Thereafter on April 9, 1974, counsel for St. Clair Hospital, Robert McIlvaine and Ruth Tarquinio entered their appearances, ruled the plaintiff-appellants to file a complaint and eventually answered an amended complaint that was filed. In November of 1975 appellants' counsel discovered that he had been operating under the mistaken impression that Dr. Hayes had been served when in fact the doctor had never been served. A pre-trial conference was held on November 7, 1975, the writ reissued on November 12, 1975, and the doctor was served on November 19, 1975. Counsel for Dr. Hayes filed preliminary objections and a motion for non pros on November 24, 1975, which was argued May 14, 1976, and granted on July 8, 1976.[1] This appeal followed.

It is well established that the granting of a non pros because of failure of plaintiff to prosecute his action within reasonable time rests within the discretion of the

[1]. In addition to granting the non pros the lower court held that the service of the reissued writ upon the appellee was not capable of making the appellee a party to the action because it was made at

lower court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse of discretion. *Gallagher v. Jewish Hospital Ass'n of Philadelphia*, 425 Pa. 112, 228 A.2d 732 (1967); *Richards v. Swift*, 241 Pa.Super. 359, 361 A.2d 688 (1976). However, a court may properly exercise its discretion and enter a judgment of non pros only when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptness, where there has been no compelling reason for the delay, and where the delay has caused some prejudice to the adverse party. *Richards v. Swift*, supra; *Cannon v. Avco Corp.*, 227 Pa.Super. 419, 323 A.2d 290 (1974).

▉ Appellants aver that the first and third elements of the above test have not been met. Instantly, we note that a period in excess of three years elapsed between the institution of suit and service upon Dr. Hayes. Such period is far in excess of the applicable statute of limitations and is sufficient to support a finding of a lack of reasonable promptness. *Carter v. Amick*, 246 Pa.Super. 530, 371 A.2d 961 (1977); *Kennedy v. Bulletin Co.*, 237 Pa.Super. 66, 346 A.2d 343 (1975); *Rizzo v. Pittsburgh Rys. Co.*, 226 Pa.Super. 566, 323 A.2d 174 (1974). There was therefore an adequate basis upon which the lower court could conclude that the appellants did not proceed with reasonable promptness.

▉ Secondly, the appellants contend that no prejudice was caused by the delay. Appellee points out that by the time he had been served the other parties to the case had already been served; entered an appearance; ruled the appellant to file a complaint; had preliminarily objected to the complaint and caused an amended complaint to be filed;

such a late date. This was error. The two year statute of limitations was tolled on September 26, 1972, for a period equivalent to that of the statute itself, when the appellants filed a praecipe for a writ of summons with the prothonotary. This period was again extended for a like time when the writ was reissued on March 7, 1974. *Salay v. Braun*, 427 Pa. 480, 235 A.2d 368 (1967); *Fike v. Ball*, 234 Pa.Super. 305, 338 A.2d 619 (1975); *Anderson v. Bernhard Realty Sales Co., Inc.*, 230 Pa.Super. 21, 329 A.2d 852, aff'd 469 Pa. 488, 366 A.2d 894 (1974). Thus, valid service was effected on the appellee when he was served within thirty days of November 12, 1975, the date of the later reissuance. *See* Pa.R.C.P. 1010.

had answered the complaint, discovery had been completed; the case had proceeded to issue; and a pre-trial conference had been held. We believe that these facts, by themselves, do not support the requisite finding of prejudice by the lower court. Despite the fact that the case had proceeded beyond the pre-trial stage as far as the other original defendants were concerned, there remained a period of one year between the service upon the appellee and trial in which the appellee could have filed all the objections and pursued all the discovery he may have required. Appellee has not shown that his ability to do so has in any way been hampered by the delay. Rather, he argues that it would be unfair to the other defendants to have him become a party to the litigation at such a late date. The basic premise of this argument is that the other three defendants would rather not have a further delay before trial than have as a party to the action the person who might be primarily responsible for the injuries sustained by the appellants. Even assuming this to be true, prejudice to a third party is not a sufficient basis under the above standards upon which to grant a non pros. There must be a demonstration of prejudice to the *appellee.* In the instant case there was none.

The order of the lower court is reversed and the case is remanded for further proceedings.