384 A.2d 949

**FIRST VALLEY BANK, Appellee,**

v.

**Bruce B. STEINMANN and Alice P. Steinmann, husband and wife, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1977.

Decided April 13, 1978.

Bruce B. Steinmann and Alice P. Steinmann, appellants, in propria persona.

George A. Hahalis, Bethlehem, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal arises from the lower court's order dated December 22, 1976, striking appellants' exceptions to the findings of fact and verdict entered by Judge Williams following a nonjury trial in an assumpsit action. Appellants

contend that the judgment of non pros entered against them was improper because the Court Administrator failed to notify them of the argument on their exceptions scheduled for December 7, 1976. Since our examination of the record fails to reveal whether appellants actually received notice of the argument date, we reverse and remand for an evidentiary hearing to determine whether notice was given in compliance with Northampton Rule of Court (Civil) 258.1.[1]

■■ Appellee has filed a petition to strike this appeal, alleging various technical violations of the Pennsylvania Rules of Appellate Procedure and of the Rules of the Court of Common Pleas of Northampton County. Ordinarily the technical quashing of an appeal is to be deprecated. *Schmehl v. Mellinger*, 325 Pa. 487, 191 A.2d 62 (1937). Motions to dismiss appeals must be considered in light of the fact that the law favors appeals and a review on the merits is preferred. In a doubtful case the appeal will be maintained. 5 C.J.S. *Appeal and Error* § 1377 (1958). Furthermore, Pennsylvania Rule of Appellate Procedure 2101 provides that an appeal may be quashed or dismissed if the defects in the brief or record are *substantial*. In light of the fact that appellants are bringing this appeal *pro se* and the defects in their brief and reproduced record are merely technical in nature, the motion to strike is denied.

■ Turning to the merits of appellants' contentions, we note that appellants present many allegations of error relating to the trial judge's findings of fact and verdict in favor of appellee following the nonjury trial held on August 2, 1976.[2] *See* Pa.R.C.P. 1038. We need not, however, address

1. Local rule 258.1 provides:

(b) *Preparation.* The Court Administrator shall prepare a hearing list of such cases ordered thereon either by the Court or by praecipe of counsel filed not later than seven (7) days before the holding of Hearing Court. Where a case is ordered on the hearing list by praecipe of counsel, notice thereof shall be given to the opposite party at least seven (7) days before the date of hearing.

2. Appellants were not present at the trial. Their counsel of record had been permitted to withdraw on June 30, 1976 and appellants sent

these contentions at this time. The trial judge's decision is only a preliminary or interlocutory judgment. Final judgment is not entered until after the hearing on the exceptions before the court *en banc*. It is only from the decision on the disposition of the exceptions that an appeal may be taken. *Singer v. Redevelopment Authority of City of Oil City*, 437 Pa. 55, 261 A.2d 594 (1970); *Meitner v. Scarborough*, 321 Pa. 212, 184 A. 81 (1936). The only issue properly framed for our review is, therefore, whether the trial judge erred in dismissing appellants' exceptions for failure to prosecute.

Appellants filed their exceptions to Judge Williams' August 4th decision on August 20, 1976, well within the twenty day period set forth in Pa.R.C.P. 1038(d). Appellants neglected, however, to give notice of the filing to either the court or opposing counsel as required by the local rules of court. In addition they failed to file a brief in support of their exceptions. No further action was taken until November 18, 1976, when counsel for appellee filed a praecipe for argument *en banc* on December 7, 1976. Appellants did not appear at the call of the argument list on December 7th, and the court dismissed their exceptions for non pros.[3]

It is well settled that the decision of whether to grant a non pros because of the failure of a party to proceed with its action within a reasonable time rests within the discretion of the lower court. The exercise of this discretion will not be disturbed on appeal unless it is apparent that there has been an abuse of that discretion. *James Brothers Lumber Co. v. Union Banking and Trust Co. of DuBois,*

a letter to Judge Williams stating that they were unable to secure new counsel by August 2nd. Judge Williams treated this letter as a request for a continuance and denied the request in light of the length of time which had already elapsed since the filing of the complaint in assumpsit in May, 1975.

3. While the non pros is normally used as a remedy for a plaintiff's failure to prosecute his action during the pre-trial stages of a case, Pa.R.C.P. 1037(c) clearly empowers the lower court to enter an appropriate judgment against a party who is dilatory in bringing the action to a conclusion. Whether the trial court's action should be labeled a dismissal for failure to proceed or a non pros is merely a semantic question.

*Pennsylvania*, 432 Pa. 129, 247 A.2d 587 (1968), *quoting Gallagher v. Jewish Hospital Association*, 425 Pa. 112, 228 A.2d 732 (1967).

In determining whether the lower court abused its discretion, three factors must be considered: (1) whether appellants have shown a want of due diligence in failing to proceed with reasonable promptitude in prosecuting their exceptions; (2) whether there was any compelling reason for the delay; and (3) whether the delay caused some prejudice to appellee. *Cf., James Brothers Lumber Co. v. Union Banking and Trust Co. of DuBois, Pennsylvania*, 432 Pa. 129, 247 A.2d 587 (1968). The time frame within which these factors must be examined is that period between the trial judge's initial decision on August 4, 1976, and December 22, 1976, the date of the court's order dismissing appellants' exceptions.[4] Appellants allege that their failure to proceed by placing their exceptions on the argument list and their failure to attend the argument scheduled for December 7, 1976, were due to their belief that they would be notified of the date of the hearing on the exceptions. They intimate that when they filed their exceptions, the Court Administrator's office led them to conclude that no further action was required on their part. The crux of the matter lies in whether or not appellants in fact received notice from the Court Administrator's office of the impending hearing in accordance with Northampton Civil Rule 258.1. If they did not, appellants could not be found to have shown a want of due diligence and would be able to demonstrate a compelling reason for their delay in proceeding to argument on their exceptions.[5]

4. Any time elapsed prior to trial would be relevant in determining whether appellants' delay was grounds for a default judgment or whether the trial judge properly denied appellants' request for a continuance of the nonjury trial held on August 2, 1976.

5. The delay has not prejudiced appellee. Moreover, appellants have since posted a bond equal to 120% of the lower court's judgment as a condition to the grant of a supersedeas pending the final resolution of this appeal.

Judge Williams believed that the Court Administrator had properly notified appellants of the argument date. This belief may have weighed heavily in his decision to dismiss their exceptions. Since we are unable to determine from the record the facts upon which the learned trial judge relied in exercising his discretion, we reverse and remand for an evidentiary hearing on the notice issue. If it is determined upon remand that no notice was received, the lower court *en banc* will hear argument on the merits of appellants' exceptions. An appeal may, of course, be had from the decision on the merits. If, on the other hand, it is determined that notice was properly given, the judgment of the lower court will be reinstated.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.