## Malone v. Smith

*Yaier Lehrer,* for plaintiff.
*John W. Gibson,* for defendant.

WETTICK, *J.,* June 2, 1981—On January 23, 1981 this court entered an order sustaining defendant's preliminary objections and giving plaintiff 20 days in which to file an amended complaint. On the 25th day following the entry of this order, plaintiff filed her amended complaint. Subsequently, defendant filed a motion to dismiss this amended complaint on the grounds that it was not filed within the time limit specified in the court order.[*] This motion is the subject of this court's opinion and order of court.

While this court is not aware of any reported cases dealing with the precise issue of the effect of the failure to file an amended pleading within the time period provided by a court order, this issue is governed by the case law permitting a complaint to be filed beyond the 20 day period provided by P a.R.C.P. 1037(a) (see Homemakers Loan & Discount Company v. Rowe, 4 D. & C. 3d 167 (1977); 2

---

[*]Pa.R.C.P. 1028(e) provides that if the filing of an amended complaint is required, it shall be filed within 20 days after notice of the order or within such other time as the court shall fix.

Goodrich-Amram 2d § 1037(a):1), the case law giving effect to an amended complaint filed beyond the time periods provided by Pa.R.C.P. 1028 (D'Orazio v. Locust Lake Village, Inc., 267 Pa. Superior Ct. 124, fn.1, 406 A. 2d 550 (fn.1) (1979); Advance Building Services Company v. F. & M. Schaefer Brewing Company, 252 Pa. Superior Ct. 579, fn. 1, 384 A. 2d 931 (1978)), and the case law giving effect to an answer filed beyond the 20 day period set forth in Pa.R.C.P. 1026 (Hahnemann Medical College and Hospital of Philadelphia v. Hubbard, 267 Pa. Superior Ct. 436, 406 A. 2d 1120 (1979)). Upon the expiration of the 20 day period, defendant could have requested this court to enter a judgment of non pros for failure to prosecute (Strickland v. Valley Forge Hotel Company, 105 Montg. 337 (1979)) or to enter summary judgment in his favor (Brown v. Phillips Co., 365 Pa. 155, 74 A. 2d 105 (1950)). But defendant failed to do so prior to plaintiff's filing her amended complaint and, as the cases cited above establish, his failure to do so preserved plaintiff's opportunity to file her amended complaint beyond the 20 day period set forth in the court order.

Once plaintiff's amended complaint was filed, defendant's only recourse was to file a preliminary objection to this amended complaint on the grounds that it was not timely filed: Advance Building Services Co. v. F. & M. Schaefer Brewing Co., supra. Even if defendant had done so, this court would have not stricken the amended complaint because defendant does not claim that he was in any way prejudiced by the late filing: Fisher v. Hill, 368 Pa. 53, 81 A. 2d 860 (1951); Paulish v. Bakaitis, 442 Pa. 434, 275 A. 2d 318 (1971); Nath v. St. Clair Memorial Hospital, 251 Pa. Superior Ct. 361, 380 A. 2d 820 (1977).

In support of his position that plaintiff's amended

complaint should be stricken, defendant relies on the appellate court holdings in E. J. McAleer & Co. v. Iceland Products, Inc., 475 Pa. 610, 381 A. 2d 441 (1977), and Gibson v. Miller, 265 Pa. Superior Ct. 597, 402 A. 2d 1033 (1979), that a trial court may extend nunc pro tunc the time for filing exceptions beyond the limit prescribed by Pa.R.C.P. 1038 only upon a showing of good cause. These cases are not controlling because they construe a rule which governs the time for filing exceptions. Because the present case involves the time for filing a pleading—and not exceptions—the controlling case law is that cited above which permits late pleadings to be filed in the absence of prejudice.

For these reasons, this court enters the following

### ORDER

On June 2, 1981, it is hereby ordered that defendant's motion to dismiss plaintiff's amended complaint is denied.