## Zook v. Watterson

*John E. Quinn, Richard J. Bedford,* for plaintiffs. *James O. Courtney, Jr.,* for defendants.

SHAULIS, *J.*, December 10, 1982—We now have before us defendants' preliminary objection in the nature of a motion to strike plaintiff's amended complaint and dismiss the cause of action against all defendants.

### FACTS

This case arises out of an automobile accident whereby plaintiff Frederick Duri-Hudson-Price, a minor, was allegedly seriously injured while he was attempting to cross a roadway. Defendants Samuel and Margaret Watterson were the co-owners of the automobile which collided with the minor child. Defendant Joseph Libik was the operator of the auto-

mobile at the time when the accident occurred.

Plaintiff originally instituted this suit by filing a complaint in trespass on December 11, 1980. Defendants responded by way of preliminary objections in the nature of a demurrer and motion for more specific complaint. By order dated October 19, 1981, defendants Samuel and Margaret Watterson's demurrer was sustained and the cause of action against them was dismissed. Defendant Joseph Libik's demurrer was denied, but his motion for a more specific complaint was granted. Plaintiff was given 20 days to file amended pleadings.

On August 13, 1982, plaintiff's amended complaint was filed. The Wattersons and Libik were named as defendants. Once against, defendants responded by way of a preliminary objection requesting this court to strike the amended complaint.

At this time we must point out that plaintiff's original attorney, abiding by plaintiff's wishes, withdrew as counsel on August 3, 1982. Thereafter, Attorney John E. Quinn entered his appearance on behalf of the plaintiff on August 13, 1982. In addition, Attorney Richard T. Bedford did the same on August 19, 1982.

## DISCUSSION

Initially we note that this cause of action against defendants Samuel and Margaret Watterson was dismissed on October 19, 1981. Therefore, plaintiff's amended complaint is not applicable to those defendants and no further discussion is necessary as to them.

Our inquiry is now limited to determining whether plaintiff's cause of action against defendant Libik should be dismissed due to the fact that the amended complaint was not filed until 278 days beyond the 20 days allowed by our order.

Malone v. Smith, 18 D.&C. 3d 682 (1981), is a case whose facts are remarkably similar to those of the instant action. Accordingly, we will adopt the following from Judge Wettick's decision as being our own:

"On January 23, 1981 this court entered an order sustaining defendant's preliminary objections and giving plaintiff 20 days in which to file an amended complaint. On the 25th day following the entry of this order, plaintiff filed her amended complaint. Subsequently defendant filed a motion to dismiss this amended complaint on the grounds that it was not filed within the time limit specified in the court order.* This motion is the subject of this court's opinion and order of court.

"While this court is not aware of any reported cases dealing with the precise issue of the effect of the failure to file an amended pleading within the time period provided by a court order, this issue is governed by the case law permitting a complaint to be filed beyond the 20 day period provided by Pa. R.C.P. 1037(a) (see Homemakers Loan & Discount Company v. Rowe, 4 D. & C. 3d 167 (1977); 2 Goodrich-Amram 2d §1037 (a):1), the case law giving effect to an amended complaint filed beyond the time periods provided by Pa. R.C.P. 1028(D'Orazio v. Locust Lake Village, Inc., 267 Pa. Superior Ct. 124, fn. 1, 406 A.2d 550 (fn.1) (1979); Advance Building Services Company v. F.&M. Schaefer Brewing Company, 252 Pa. Superior Ct. 579, fn. 1, 384 A.2d 931 (1978)), and the case law giving effect to an answer filed beyond the 20 day period set forth in Pa.R.C.P. 1026 (Hahnemann Medical College and

---

* Pa.R.C.P. 1028(e) provides that if the filing of an amended complaint is required, it shall be filed within 20 days after notice of the order or within such other times as the court shall fix.

Hospital of Philadelphia v. Hubbard, 267 Pa. Superior Ct. 436, 406 A.2d 1120 (1979)). Upon the expiration of the 20 day period, defendant could have requested this court to enter a judgment of non pros for failure to prosecute (Strickland v. Valley Forge Hotel Company, 105 Montg. 337 (1979)) or to enter summary judgment in his favor (Brown v. Phillips Co., 365 Pa. 155, 74 A.2d 105 (1950)). But defendant failed to do so prior to plaintiff's filing her amended complaint and, as the cases cited above establish, his failure to do so preserved plaintiff's opportunity to file her amended complaint beyond the 20 day period set forth in the court order.

"Once plaintiff's amended complaint was filed, defendant's only recourse was to file a preliminary objection to this amended complaint on the grounds that it was not timely filed: Advance Building Services Co. v. F.&M. Schaefer Brewing Co., supra. Even if defendant had done so, this court would have not stricken the amended complaint because defendant does not claim that he was in any way prejudiced by the late filing: Fisher v. Hill, 368 Pa. 53, 81 A.2d 860 (1951); Paulish v. Bakaitis, 442 Pa. 434, 275 A.2d 318 (1971); Nath v. St. Clair Memorial Hospital, 251 Pa. Superior Ct. 361, 380 A.2d 820 (1977)."

Application of the Malone holding to the case at bar leads us to conclude that this action should not be dismissed as to Libik. He had the opportunity to request this court to enter a judgment of non pros after the expiration of the twenty day period in which plaintiff was allowed to file a more specific pleading. Libik failed to do this. Furthermore, Libik has not alleged that he has been prejudiced by plaintiff's untimely filing. Consequently, Libik's preliminary objection must be dismissed.

## ORDER

Now, this December 10, 1982, the preliminary objection of Samuel L. and Margaret Watterson is sustained and the amended complaint dismissed as to both.

Defendant Joseph Libik's preliminary objection in the nature of a motion to dismiss plaintiff's amended complaint is denied and defendant Libik shall have 20 days to file a responsive pleading.