504 A.2d 356

**Sherri HOFFMAN, Appellant,**

v.

**Kenneth M. HOFFMAN.**

Superior Court of Pennsylvania.

Submitted March 27, 1985.

Filed Feb. 5, 1986.

Charles R. Rosamilia, Jr., Lock Haven, for Hoffman, appellant.

Before BECK, POPOVICH and TROMMER,* JJ.

TROMMER, Judge:

Appeal is taken from the final decree entered by the trial court dismissing appellant's divorce action and limiting her claim for alimony pendente lite. We reverse in part and affirm in part.

This action was initiated by appellant's filing, on January 11, 1982, of a complaint in divorce. Issues as to the grounds for a divorce, alimony pendente lite, counsel fees, equitable distribution of marital property and alimony were referred to a master, who conducted hearings on August 12, 1982 and October 1, 1982. The master's report was filed on

* Judge Evelyn M. Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania is sitting by designation.

November 17, 1982, recommending that a divorce not be granted in light of the fact that appellant had not filed an affidavit of consent to divorce and no longer wished to proceed under Section 201(c) of the Divorce Code, and recommending that appellee pay $32.00 per week for alimony pendente lite and one-half of appellant's counsel fees. In light of the recommendation that no divorce be entered, the master indicated that claims for alimony and equitable distribution be denied. Both parties filed exceptions to the master's report and recommendation, and after hearing, the trial court dismissed appellant's exceptions and sustained appellee's exceptions in part, by ordering that alimony pendente lite be terminated as of the date of the master's report. On August 23, 1983, the trial court entered its final decree dismissing appellant's claims for divorce based on its finding that she no longer wished to pursue it. This timely appeal followed.

The facts found by the master, accepted by the trial court and supported by the record indicate the following. The parties were married on August 23, 1964 and separated on December 28, 1981. Appellant was 35 years old at the time of the master's report, and had an income of $64.23 from a job with S.T.E.P.-C.E.T.A., $400.00 in rental income from two apartments, and $50.00 a month income from her job with appellee's beer distributorship. Her expenses were calculated at $1,943.32 per month. Appellee was 36 years old and a partner in S & H Beer Distributors, which grossed $727,808.11 in 1981. His claim for monthly expenses was $1,316.00 and the master noted that some of the expenses are paid for by the partnership. Appellee receives $150.00 per week in salary, plus a number of other benefits from the business, including gasoline for his personal automobile, health and life insurance, auto insurance, milk, chips, beer, butter and eggs, expense money for promotions at local bars and payments for use of his car. The master concluded that the total weekly earning capacity of appellee was $200.00.

The master's report indicates that at the first master's hearing, appellant "consented on the record to the executing of an Affidavit of Consent to a 201(c) divorce. The master left the record open in order to receive the Affidavit. The Plaintiff later changed her mind and was uncertain whether she desired to so proceed." (Report of Master, p. 3) As no affidavit had been filed by the time the master rendered his report, nearly one year after the filing of the complaint, the master indicated that appellant no longer desired to proceed under Section 201(c) and recommended that her claim for divorce be dismissed.

The first issue raised on appeal is whether the trial court erred by confirming the sua sponte recommendation of the domestic master to dismiss the divorce action because the appellant failed to execute an affidavit of consent. Appellant contends that such a sua sponte dismissal was improper absent notice to her of the consequences of a failure to file the affidavit. We agree.

In dismissing the action, the trial court cited *Rueckert v. Rueckert*, 20 D. & C.3d 191 (Allegheny County, 1981), where an order was entered stating that an action under Section 201 of the Divorce Code of 1980 would be dismissed if the plaintiff refused to file the requisite Section 201(c) affidavit within twenty days. The *Rueckert* court reasoned that "plaintiff should not be permitted the benefits of a law [alimony pendente lite] whose spirit she is defying." 20 D. & C.3d at 197. Although this rationale is sound, we note that *Rueckert* is distinguishable on its facts from the instant case. First, the defendant in *Rueckert* had filed a petition to dismiss the action. A review of the record establishes that no such petition was filed by appellee. Second, the *Rueckert* court allowed plaintiff an additional twenty days to file her affidavit or suffer a dismissal of the action. In the case *sub judice*, neither the master nor the trial court ever advised appellant that her failure to file an affidavit of consent would result in a dismissal. Accordingly, although we find that appellant should not be allowed to withhold her consent to the divorce while simultaneously

seeking alimony pendente lite, we also hold that the trial erred in *sua sponte* dismissing appellant's complaint without affording her prior notice.

We also find support for our position from the analogous situation presented by a trial court's *sua sponte* entry of an order of non pros. In *Hatalowich v. Bednarski,* 315 Pa.Super. 303, 461 A.2d 1292 (1983), this Court held that a trial court lacks the authority to enter a non pros on its own motion. *See also Moore v. Mobil Oil Co.,* 331 Pa.Super. 241, 480 A.2d 1012 (1984) (the chancellor erred in *sua sponte* ordering a final hearing for injunctive relief).

The second issue raised on appeal is whether the trial court committed an abuse of discretion in confirming the findings of the domestic master as to the earnings of the defendant. This claim is without merit, as the record supports the master's findings.

The portion of the final decree dismissing appellant's complaint is reversed and the case is remanded for further proceedings consistent with this opinion. The portion of the final decree confirming the amount of alimony pendente lite is affirmed.