## Coen v. Coen

*Michael E. Kusturiss,* for plaintiff.
*Fred J. Sentner,* for defendant.

TERPUTAC, *J.,* April 21, 1989 — Plaintiff, Kimberlee A. Coen, filed a complaint in divorce on March 4, 1989, in which she made claims for divorce, alimony pendente lite, counsel fees and costs, and equitable distribution.

The allegations for divorce contained two grounds; (1) indignities to the person, and (2) irretrievable breakdown of the marriage. In his answer, defendant, Robert L. Coen, stated that he would not file an affidavit of consent and that he would contest the divorce. At the time of the master's hearing in January 1989, the parties had been separated about two years. It was conceded that the applicable period under the Divorce Code is three years.

On the date of the hearing, plaintiff filed her affidavit of consent. She elected to withdraw her count on indignities, but she elected to proceed under the second count on irretrievable breakdown. Further, she asked for alimony pendente lite as well as counsel fees and costs; she continued to press her other claim. At that time, counsel for defendant stated that his client would not file an affidavit of consent under section 201(c) and that he would contest the divorce. Since plaintiff had elected not to proceed with the indignities count, defendant made a motion to dismiss the complaint. The master denied the motion.

The argument of defendant is that plaintiff cannot elect to withdraw her indignities count and proceed with the count on irretrievable breakdown, thus attempting to secure alimony pendente lite as well as counsel fees and costs even though defendant refused to file his affidavit of consent. And he argues further that if the complaint were not dismissed, plaintiff should not be allowed to receive counsel fees and alimony of any kind.

Relying on *Reuckert v. Reuckert,* 129 Pitts. Leg. J. 245 (1981), plaintiff says she is entitled to proceed with her cause of action on irretrievable breakdown and to receive the benefits of the Divorce Code by asking for alimony and counsel fees. In *Reuckert* the plaintiff refused to file her affidavit of consent. The three-year period had not run. The court stated that where the plaintiff refused to file her affidavit and the defendant had done so, the plaintiff may not attempt to secure the benefits of the code while the action was pending. In *Hoffman v. Hoffman,* 350 Pa. Super. 280, 504 A.2d 356 (1986), the wife-plaintiff had refused to file her affidavit of consent, yet she insisted upon going forward with her case on irretrievable breakdown.

The husband-defendant had filed his consent. The Superior Court held that the dismissal of her action by the trial court was improper because she should have been given notice about the consequences of her failure to file the affidavit of consent. The court stated:

"Accordingly, although we find that appellant [plaintiff] should not be allowed to withhold her consent to the divorce while simultaneously seeking alimony pendente lite, we also hold that the trial [sic] erred in sua sponte dismissing appellant's complaint without affording her prior notice." *Hoffman* at 283-4, 504 A.2d at 358.

Although these cases are not on point, they are instructive on the general principle that where the plaintiff has complied with the requirements of the Divorce Code by electing to proceed with her cause of action on irretrievable breakdown and she had filed her affidavit of consent, she is entitled to pursue her cause of action and the benefits of the code despite the refusal of the defendant to file his affidavit. Thus, the argument of defendant in which he has compared a divorce action with the requirements of a civil action is meritless. If defendant has chosen to refuse to file his affidavit and to contest the action, he may do so, but he may not deny her the right to seek the advantages of the code where she has complied with the procedures.

## ORDER

And now, April 21, 1989, the recommendation of the master denying the motion to dismiss the complaint is confirmed and the exceptions dismissed. The court further orders, adjudges, and decrees that the matter be referred to the master for further proceedings.