## Gonzalez v. Katz

*John Rogers Carroll,* for plaintiff.
*Barry E. Ungar,* for defendants.

VOGEL, *S.J.,* September 27, 1994—This is an action by a former franchisee, Alfred G. Gonzalez for breach of contract and fraud, arising from franchise and management contracts for a Nutri/Systems franchise which was entered into in May 1977. The plaintiff commenced this action on November 2, 1981 by filing a praecipe to issue a writ of summons.

The plaintiff sought pre-complaint discovery which was precluded by a protective order dated September 1, 1982. Two years later the plaintiff filed his complaint on August 15, 1984.

On August 31, 1984 the defendants filed a motion to dismiss for lack of prosecution which was denied on November 1, 1984 by the Honorable Anita B. Brody.

The plaintiff filed an amended complaint on July 23, 1985 after which the parties engaged in written discovery through 1986.

Between July 24, 1986, which is the date plaintiff filed answers to defendants' second set of interrogatories, and August 19, 1988, the plaintiff took no action as reflected by the docket. The plaintiff also pursued a parallel RICO action, Racketeer Influenced and Corrupt Organizations, 18 U.S.C. §1961 et seq., which was dismissed at the pleading stage because the claims were barred by the statute of limitations in civil actions, namely, *Alfred G. Gonzalez v. Harold Katz,* no. 86-7254 in the United States District Court for the Eastern District of Pennsylvania.

On August 19, 1988, plaintiff filed a praecipe for argument on plaintiff's preliminary objections to defendants' new matter filed September 30, 1985. On January 19, 1989, the preliminary objections were denied in part. The pleadings in this action were closed on February 8, 1989 when plaintiff filed his reply to

new matter. Plaintiff conducted no discovery during this period of time.

After a pretrial conference in May 1989, plaintiff took the video deposition of a non-party witness on October 6, 1989. *From October 6, 1989 until the present no further discovery was conducted by the plaintiff,* although notices of deposition were filed.

On February 2, 1993 plaintiff noticed the deposition of former Nutri/Systems employee Robert Katz. Then on February 10, 1993, plaintiff filed a revised deposition for Robert Katz and a deposition notice for Norman Amster, another former Nutri/Systems employee. Seven years earlier, plaintiff scheduled, but never proceeded with, the deposition of Mr. Amster.

On February 26, 1993, defendants filed the present petition for entry of judgment of non pros. Oral argument on the petition was held on June 15, 1994. Hence, this opinion and order.

The Pennsylvania Supreme Court set forth the standards for entry of a judgment of non pros in *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). The court states:

"[W]e now hold that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009.

In *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 615 A.2d 95 (1992), a case decided by the undersigned in the lower

court, the Pennsylvania Superior Court interpreted the test in *Penn Piping* as follows:

"The court in *Penn Piping* appears to adopt a per se rule in which delay in excess of two years establishes prejudice sufficient to satisfy the third prong of the non pros test. We note, however, that in its actual application of this part of the test, the court took as the measure of 'delay' not the period of inactivity on the case docket, but rather the period of *unexplained* docket inactivity." *Id.* at 210, 615 A.2d at 100. (emphasis in original)

The Superior Court went on to state:

"It appears that to qualify as a reason for [the] delay that will toll the running of the two-year period, the circumstance alleged must be something that would qualify as a 'compelling reason for the delay.' " *Id.* at 210-11, 615 A.2d at 100.

Upon review of the record in the present action, we conclude that it supports the entry of a judgment of non pros. There have been multiple lengthy periods of inactivity, actual prejudice to the defendants and the absence of compelling reasons for the delays. In fact it is fair to say that the past 13 years, since the filing of the writ of summons on November 2, 1981, have been characterized by lengthy periods in which no discovery was conducted nor was there any substantive activity on the docket.

While it is true that defendants' prior motion to dismiss for lack of prosecution was denied by the Honorable Anita B. Brody on November 1, 1984, we believe the court should examine the *entire* docket and the impact of the pattern of delays in this action. Though each successive delay undoubtedly stalled the progress of the case and increased the distance between the events of 1977 and a trial date, the court bases its decision

on two two-year periods namely, July 24, 1986 to August 19, 1988 and July 24, 1990 to February 26, 1993, the date of the instant petition.

The first two-year period occurred between July 24, 1986 when the plaintiff filed answers to defendant's second set of interrogatories and August 19, 1988 when the plaintiff filed the argument praecipe for his preliminary objections filed three years before. During this two-year period, there was no docket activity other than the court reporter filing the deposition transcripts of Dr. Norman Horvitz. Pursuant to *Penn Piping, supra,* the two-year delay is presumed prejudicial.

Further, we conclude that the plaintiff did not act with due diligence. The plaintiff asserts that the defendants have waived their right to complain about any docket inactivity between November 2, 1981 and June 15, 1990.

The right to non pros may be waived. In *Pennsylvania Railroad Company v. Pittsburgh,* 335 Pa. 449, 6 A.2d 907 (1939), the Pennsylvania Supreme Court stated:

"[T]he right to a non pros may be waived if there is conduct indicating a willingness on defendant's part to try the case on the merits notwithstanding the delay, or if he is a party to, or causes the delay. In *Potter Title & Trust Co. v. Frank et al.,* 298 Pa. 137, it was said at page 142: 'Where the defendant takes steps looking to a trial upon the merits, like filing an answer, entering a plea, or taking a rule upon the plaintiff to take some action in the case, it constitutes a waiver of the laches.' " *Id.* at 455, 6 A.2d at 912.

However, in *Pennridge, supra,* the court rejected plaintiff's claim that the defendant had waived the right to object to plaintiff's delays because the defendant contributed to the delay by agreeing to a continuance

and failing to file an argument praecipe for its summary judgment motion. The court stated:

"[T]he law is settled that it is plaintiff's burden to move a case to trial, and it is plaintiff, not defendant, who bears the risk of not acting within a reasonable time. ... If plaintiff's counsel finds herself faced with delays created by others, she must take action to move the case forward, such as filing praecipes for argument on undecided motions, moving to compel her opponent to file a certificate of readiness, or requesting a conference with the judge as provided by local rule to have the case put on the trial list." *Id.* at 209, 615 A.2d at 99. (citations omitted)

In the case at bar the defendants did not take steps looking to a trial on the merits nor did they contribute to the delays in the case. In fact, the defendants were responding to plaintiff's discovery request which cannot be interpreted as steps in preparation of trial on the merits. *Neshaminy Construction v. Plymouth Township,* 132 Pa. Commw. 229, 572 A.2d 814 (1990).

Further, we conclude that there was no compelling reason for the delay. Plaintiff's attorney of record during this period was Perry DiCola, Esquire. Apparently, Mr. DiCola was not in good mental health that unfortunately progressively worsened during the period the case continued. While extremely unfortunate, the plaintiff does not raise the issue of competence or offer evidence of it as a compelling reason to explain Mr. DiCola's delay. Even if the plaintiff raised the issue of DiCola's competence as evidence of a compelling reason for the delay, inadvertence or negligence of counsel alone, is not a compelling reason for delay which can defeat dismissal for lack of prosecution. *Moore v. George Heebner Inc.,* 321 Pa. Super. 226, 467 A.2d 1336 (1983).

In *Moore v. Heebner,* the Superior Court recognized the conflicting case law regarding neglect of counsel as a reason for avoiding non pros and cited *Dupree v. Lee,* 241 Pa. Super. 259, 266, 361 A.2d 331, 335 (1976), as it clarified the law in this area. The court stated:

"If counsel's explanation or excuse for his mistake, oversight, or neglect, is *reasonable,* then the second criteria for opening a non pros will be met and the non pros may be vacated. However, if counsel merely states that he was negligent without offering a reasonable explanation or excuse, we are left with no alternative but to refuse to vacate the non pros. The argument that refusing to vacate a judgment of non pros punishes the plaintiff for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained. There must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice." *Moore v. Heebner, supra* at 231, 467 A.2d at 1338-39. (emphasis in original)

In the case sub judice, there is a lack of due diligence in that the plaintiff failed to proceed with reasonable promptitude, plaintiff does not offer a compelling reason for the two-year delay from July 24, 1986 and August 19, 1988 and since the delay is two years, prejudice is presumed. Therefore, defendants' petition for non pros may be granted based upon the two-year delay from July 24, 1986 and August 19, 1988.

Defendants' petition for non pros may also be granted based upon the period from July 24, 1990 to February 26, 1993, the date of the instant petition. Presumptive prejudice from delays in excess of two years can be

rebutted if there are compelling reasons for the delay. *Penn Piping, supra* at 356, 603 A.2d at 1009.

In February 1991, plaintiff's most capable present counsel, John Rogers Carroll, Esquire, took over plaintiff's representation and entered his appearance on June 28, 1991. The last substantive activity in the case was July 24, 1990 with respect to discovery served by the defendants. Other than Attorney DiCola's petition to withdraw appearance and Attorney Carroll's petition to enter his appearance on June 28, 1991 there has been no substantive activity in the case up to the filing of the present petition.

None of the reasons offered by the plaintiff justify tolling the period of delay as they are not compelling reasons. First, plaintiff asserts that the change of counsel is a compelling reason for the delay.

The change of counsel does not constitute a compelling reason for the delay. In *Roseman v. Hospital of the University of Pennsylvania,* 377 Pa. Super. 409, 547 A.2d 751 (1988) the Superior Court considered whether plaintiff's present counsel's short tenure of the seven-year old case amounted to a compelling reason for the delay. The court stated:

"A litigant is bound by his counsel's stewardship and a failure of due diligence is not cured by belated substitution of counsel." *Id.* at 415, 547 A.2d at 754.

Plaintiff contends that since Carroll & Carroll has had the plaintiff's case, they have been diligent in prosecuting it. The plaintiff asserts that it has taken a long time for new counsel to review the case because of its complexity, the number of persons involved, and the amount of prior work that had to be reviewed. In support of this, plaintiff offers the affidavit of Bryan M. Cochran, a summer law clerk, who billed over 500 hours, reviewed over 20,000 documents and generated

over 50 documents. Mr. Cochran's task was to review and organize the file received from Attorney DiCola.

Plaintiff further asserts that as late as January 1991, and perhaps earlier, Mr. DiCola began exhibiting signs of mental instability.

Initially, while not controlling, the court notes that the plaintiff offered the same justification for delay in the parallel case of *Alfred A. Gonzalez v. Anthony W. Perry,* no. 89-01018, in which Perry DiCola, Esquire was plaintiff's attorney prior to Carroll & Carroll entering an appearance. In *Gonzalez v. Perry,* plaintiff offered the affidavit of Mr. Bryan Cochran which detailed Mr. Cochran's review of the case file. See: Affidavit of Bryan M. Cochran, exhibit B of plaintiff's answer to defendant, Perry's, petition for entry of judgment of non pros, *Gonzalez v. Perry,* no. 89-01018. In deciding a petition for a judgment of non pros, the Honorable William T. Nicholas, considered the evidence offered by the plaintiff and granted defendants' petition on May 16, 1994.

Furthermore, the court previously stated that the negligence of counsel is not a compelling reason for delay and it is the court's opinion that assigning Bryan Cochran, a summer associate, the arduous task of reviewing the chaotic case file does not equal due diligence especially in light of this case's previous and tortuous history.

With regard to the period from July 24, 1990 to February 26, 1993, there is a lack of due diligence in that the plaintiff failed to proceed with reasonable promptitude, the plaintiff does not offer a compelling reason for the more than two-year delay and since the delay is more than two years, prejudice is presumed. Accordingly, defendants' petition for judgment of non pros may be properly entered.

Although prejudice is presumed when there is a delay of two years or more, we believe the defendants in the case at bar can also demonstrate actual prejudice. The relationship between Nutri/Systems and the individual defendants and other material witnesses has ended. In August 1986, a new management group acquired defendant Katz's ownership in Nutri/Systems so his connection with the company ceased. Nutri/Systems is no longer party to the case and has no motivation to assist the individual defendants in the defense of this action. Finally, an important witness to the defense, Dr. Norman Horvitz died in February 1990 whom the defendants intended to call as a witness.

The decision to enter a judgment of non pros is within the sound discretion of the trial court and its discretion may be set aside only if there is a manifest abuse of discretion. *First Valley Bank v. Steinmann,* 253 Pa. Super. 8, 384 A.2d 949 (1978).

Entry of a judgment of non pros is proper in the case at bar. The plaintiff has failed to prosecute this case with due diligence and has not offered compelling reasons to explain the delays between July 24, 1986 and August 19, 1988 and July 24, 1990 and February 26, 1993. As a result of the two-year delay, prejudice is presumed and has not been sufficiently rebutted. In addition to presumed prejudice, the defendants have suffered actual prejudice.

For these reasons and those stated herein, the following order is appropriate.

## ORDER

And now, September 27, 1994, upon consideration of counsel's briefs and after oral argument on June 6, 1993, defendants,' Harold Katz et al., petition for entry of non pros, filed February 26, 1993, is granted.

Accordingly, judgment is entered in favor of the defendants, Harold Katz et al. and against the plaintiff Alfred G. Gonzalez.