**Knouse v. Carbello**

C.P. of Berks County, no. 4372-92 A.D.

*Richard J. Orloski,* for appellant.
*Stephen S. Pennington,* for appellee.

ESHELMAN, T.J., *J.,* January 3, 1995—Plaintiff has appealed from our order entered November 28, 1994, in the above-captioned matter which terminated the case due to inactivity pursuant to B.R.C.P. 1901 and Pa.R.J.A. 1901. This opinion is in support of our order pursuant to Pa.R.A.P. §1925.

In the case sub judice, there has been no docket activity from the time the complaint was filed on August 4, 1992, until notice of termination was served by the prothonotary on August 22, 1994.

Plaintiff's motion requesting this honorable court to fix a hearing on whether the case should be terminated lists five reasons not to terminate the case.

"(1) Discovery is not complete.

"(2) The case is not ready for trial.

"(3) Neither party has been prejudiced by the delay in this matter.

"(4) Defendant filed his answer and new matter on or after October 11, 1994 in response to plaintiff's notice of entry of default judgment.

"(5) Plaintiff filed a timely reply to defendant's new matter."

The court finds all of these reasons to be insufficient.

B.R.C.P. 1901 (which is consistent with and substantially similar to Pa.R.J.A. 1901) states, in relevant part:

"(a) All civil cases, other than support and eminent domain proceedings, which remain open on the dockets of the prothonotary and in which there is reflected no activity for a period of at least two years prior thereto ..., shall be listed by the prothonotary for the next available civil argument court after notice of termination is given."

Since there has been no activity reflected in the docket in over two years, the case must be terminated pursuant to B.R.C.P. 1901 and Pa.R.J.A. 1901.

Rule 1901 "is intended to eliminate from the judicial system those stale claims which have apparently been abandoned or resolved by the parties *without any entry on the court's docket.*" (emphasis added) *Taylor v. Oxford Land Inc.,* 338 Pa. Super. 609, 613, 488 A.2d 59, 61-62 (1985). The purpose of local rules of court providing for termination of an action with prejudice to the party failing to prosecute is "to protect our trial courts from being burdened by stale claims." *Wurster v. Peters,* 318 Pa. Super. 46, 50, 464 A.2d 510, 512 (1983).

In Pennsylvania, "it has long been established that the duty is on the plaintiff to proceed with the cause of action and the plaintiff, not the defendant, should bear the risk of not acting within a reasonable time." *Penn Piping v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992); *Kennedy v. The Bulletin Company,* 237 Pa. Super. 66, 346 A.2d 343 (1975); *Metz Contracting*

*Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 520 A.2d 891 (1987), *allocatur denied,* 515 Pa. 623, 531 A.2d 431 (1987).

Further support for termination of the case sub judice is found in *Roseman v. Hospital of the University of Pennsylvania,* 377 Pa. Super. 409, 547 A.2d 751 (1988). In *Roseman,* the plaintiff's decedent died in defendant hospital in 1978 as a result of contaminated saline solution used during neurosurgery. It was 11 years, however, before the patient's executor proceeded to trial. The Superior Court ruled that the delay "showed lack of due diligence without any compelling reason, prejudiced hospital, and justified non pros judgment ... even though case [had] started in arbitration, and even though executor had changed attorneys; *docket reflected no activity for a period in excess of two years at one point.... " Id.* at 410, 547 A.2d at 752. (emphasis added)

Such inactivity, in a jurisdiction (Philadelphia County) having similar local rules to Berks County regarding termination of inactive cases, was held sufficient to justify termination. *Penn Piping, supra,* stands conclusively for this proposition. The Pennsylvania Supreme Court stated that where there has been a delay of two or more years "the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009.

Since the three elements of the *Penn Piping* test have been met, lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude, no compelling reason for the delay, and a delay in excess of two years, we find our order to have been proper.