569 A.2d 419

**Robin WILLIAMS, Administratrix of the Estate of Robert Williams, Deceased, Appellant,**

**v.**

**CITY OF PHILADELPHIA, John Cole, Robert Parker a/k/a Bobby Parker and City of Philadelphia Fire Department, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided Jan. 31, 1990.

72

Edward D. Conway, McCabe, Weisberg, Conway & Watson, Philadelphia, for appellant.

Alan C. Ostrow, Asst. City Sol., with him, Seymour Kurland, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, and Barbara R. Axelrod, Divisional Deputy in Charge of Appeals, for appellees.

Before CRAIG, McGINLEY and SMITH, JJ.

CRAIG, Judge.

Robin Williams, personal representative of the estate of Robert Williams (decedent), appeals an order by Judge Lehrer of the Court of Common Pleas of Philadelphia County granting a motion for judgment on the pleadings filed by the City of Philadelphia, John Cole, Robert Parker and the City of Philadelphia Fire Department (defendants).

The facts of this case are not in dispute. On June 23, 1984, the mother of the decedent contacted the City of Philadelphia Fire Department and requested emergency medical assistance for the decedent, who had fallen down a flight of steps. The fire department dispatched emergency medical technicians (EMTs) Cole and Parker to render medical assistance, but their acts of moving him and waving a household ammonia product under his nose did not revive the decedent. The EMTs concluded that, because the decedent had consumed alcohol before falling, he would "sleep it off."

Four or five hours later, the Williams family notified the fire department that the decedent was still unconscious. Cole and Parker returned and transported the decedent to Misericordia Hospital. The decedent died on June 30, 1984, as a result of a subdural hematoma injury sustained at the time of his fall.

On July 17, 1986, the estate filed a wrongful death and survivor action against the four defendants. The defendants filed preliminary objections raising the defense of

governmental immunity under subchapter C of Chapter 85 of the Judicial Code, 42 Pa.C.S. §§ 8541 through 8564. On October 1, 1986, Judge White of the Common Pleas Court of Philadelphia County issued an order, but no opinion, overruling the preliminary objections but dismissing the fire department as a non-suable entity.

On August 31, 1988, the remaining defendants filed a motion for judgment on the pleadings based upon governmental immunity and the failure to state a 42 U.S.C. § 1983 claim against the city. On December 1, 1988, Judge Lehrer granted the motion, which the estate now appeals.

The estate contends that (1) the trial court has no authority to grant a motion for judgment on the pleadings when the motion raises the same issue as raised in the overruled preliminary objections; (2) the facts alleged demonstrate willful misconduct, which removes the shield of immunity from the EMTs; and (3) the EMTs acted pursuant to city policy, thereby enabling Williams to assert a cause of action under 42 U.S.C. § 1983.

Section 8541 of the Code, 42 Pa.C.S. § 8541, grants the city governmental immunity from liability for any damages on account of an injury to a person or property caused by an act of the city, its employee or any other person. The estate has not alleged that the city committed any of the acts described as exceptions under section 8542(b) of the Code, 42 Pa.C.S. § 8542(b), which may impose liability.

Additionally, section 8545 of the Code, 42 Pa.C.S. § 8545, grants the same immunity to employees of the city if an injury to a person or property is caused by an employee acting within the scope of his office or duties. However, section 8550 of the Code, 42 Pa.C.S. § 8550, stipulates that immunity shall not protect employees against acts that are judicially determined to be a crime, actual fraud, actual malice or willful misconduct.

1.

The first issue is whether the trial court may grant a motion for judgment on the pleadings when the moving

party raises the same issue in the motion as it did in the previously overruled preliminary objections.

■ Generally, a trial judge, if not acting in a review mode, cannot overrule an interlocutory order issued by another judge of the same court involving the same issue unless some new evidence is presented. *Commonwealth v. Tyson*, 57 Pa.Commonwealth Ct. 569, 427 A.2d 283 (1981).

■ However, in *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987), this court held that, where a trial judge overrules a preliminary objection without issuing an opinion, a second trial judge of the same court may grant a motion on the pleadings even if the basis of the motion is identical to the preliminary objections. The court reasoned that, because the first judge may have based his determination on either the merits of the objection or on the ground that the city improperly raised the defense of immunity by preliminary objection,[1] the second judge's granting of the motion was not improper.

Because Judge White did not issue an opinion with his overruling of the preliminary objections, we are unable to determine the basis for that decision. Therefore, following our rationale in *Farber*, Judge Lehrer did not improperly grant the defendants' motion for judgment on the pleadings.

## 2.

■ The second issue is whether the actions, or lack of action, exhibited by the EMTs when first rendering medical assistance to the decedent, constituted willful misconduct so as to remove the shield of immunity.

The estate contends that the EMTs' acts of leaving the decedent after he failed to respond to the household ammonia and of failing to conduct further tests constitute willful misconduct because they intentionally disregarded the safety of the decedent.

---

1. Pa.R.C.P. No. 1030 stipulates that all affirmative defenses, including immunity, "shall be pleaded in a responsive pleading under the heading 'New Matter'."

In *Evans v. Philadelphia Transportation Co.*, 418 Pa. 567, 212 A.2d 440 (1965), the Pennsylvania Supreme Court clarified the distinction between "willful" and "wanton" misconduct as follows:

> Correctly speaking, wilful misconduct means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue.... Wanton misconduct, on the other hand, 'means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to the consequences....' Prosser, Torts § 33 at 151 (2d ed. 1955).

> Other decisions of this Court ... clearly indicate that if the actor realizes *or* at least has knowledge of sufficient facts to cause a reasonable man to realize the existing peril for a sufficient period of time beforehand to give him a reasonable opportunity to take means to avoid the accident, then he is guilty of wanton misconduct if he recklessly disregards the existing danger.

*Id.*, 418 Pa. at 573–74, 212 A.2d at 443–44.

The estate has not alleged that the EMTs had the intent or awareness that Mr. Williams would die from the fall. As trained emergency technicians, the failure by Cole and Parker to take greater precautionary measures in light of the circumstances, exemplifies a reckless disregard of the existing danger; however, that behavior constitutes wanton, not willful, misconduct. Therefore, because the EMTs did not exhibit willful misconduct while acting within the scope of their duties, they are immune from liability under section 8545 of the Code.

### 3.

The final issue is whether the estate stated a valid cause of action under 42 U.S.C. § 1983 in the complaint.

Title 42 U.S.C. § 1983 protects individuals within the United States from every person who, acting under color of any statute, ordinance, regulation, custom or usage of any state, deprives that individual of any rights, privileges, or immunities secured by the Constitution and laws.

Although the estate contends that the city's failure to provide competent medical emergency services is a valid section 1983 claim, it has not cited any law or policy which any of the defendants violated. Therefore, there is no sufficient averment of a cause of action under 42 U.S.C. § 1983.

Accordingly, the decision of the trial court is affirmed.

SMITH, J., dissents.

## ORDER

NOW, January 31, 1990, the order of the Court of Common Pleas of Philadelphia County, Civil Trial Division, dated December 1, 1988, at No. 4487 from the June Term, 1986, is affirmed.