600 A.2d 568

**Lamar GOLDEN, Appellant,**

**v.**

**DION & ROSENAU, State Farm Insurance Company and Dennis Veneziale, Esquire, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 25, 1990.

Filed Dec. 11, 1991.

Allen L. Feingold, Philadelphia, for appellant.

Wayne A. Schaible, Philadelphia, for appellees.

Before BECK, KELLY and POPOVICH, JJ.

BECK, Judge:

This case requires us to construe and apply the principle that "... judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other." *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827, 831 (1989). Since we find that this rule was not complied with in this case, we reverse the order on appeal granting appellees' preliminary objections and dismissing appellant's complaint.[1]

On January 27, 1988, plaintiff appellant Lamar Golden filed a complaint against defendants appellees, Dion & Rosenau (a law firm), Dennis Veneziale, Esquire, and State Farm Insurance Company. Golden alleged that when he attempted to collect benefits from State Farm after he was injured in an automobile accident, appellees subjected Golden to medical examinations that were unnecessary and embarrassing, causing him physical pain and mental suffering. Golden alleged that the examinations were intended to harass him, that the service of the petition filed by State Farm to compel the examinations was in derogation of the rules of civil procedure and that he had been denied due process of law. Golden's complaint included five counts, for breach of contract, wrongful use of civil proceedings, misuse of process, and infliction of emotional distress. Golden sought both compensatory and punitive damages.

Appellees filed preliminary objections in the nature of a demurrer. They alleged that Golden failed to state a cause of action because his allegations were conclusory and unspecific and because the medical examination at issue was not actionable since it took place pursuant to court order and was, therefore, privileged. Appellees also argued that Golden's action was barred by the statute of limitations since the medical examination in question had been ordered by the court in 1981.

1. We granted panel reconsideration in this case on February 25, 1991 to consider this issue. Our initial decision in the case, in which we affirmed the trial court, was filed on December 11, 1990.

By order dated May 2, 1989, the trial judge assigned to handle the case denied appellees' preliminary objections. Further pleadings were then filed by both parties. On February 1, 1990, appellees filed a motion for reconsideration of the denial of their preliminary objections. In this motion, appellees asserted that two other lawsuits filed by the same counsel and alleging the same operative facts and causes of action had been filed against appellees in the same court and that in each of those cases, preliminary objections identical to those filed in this case had been granted. Thus, appellees argued that in the interest of consistency, the denial of their preliminary objections should be reconsidered. The trial court denied the motion for reconsideration by order dated February 9, 1990.

Although the record does not contain any further request for reconsideration, inexplicably on March 12, 1990 a different judge sitting on the same court entered the following order:

> ... upon reconsideration of this Court's order dated May 2, 1989, it is hereby ORDERED and DECREED that Defendant's Preliminary Objections to Plaintiff's Complaint are GRANTED and the Complaint is dismissed with prejudice.

As stated above, this order was not signed by the judge who had originally denied the preliminary objections and who had denied reconsideration, but rather by a different judge. In addition, the judge who signed the March 12th order was the same judge who had granted appellees' preliminary objections in the two other similar cases that had been filed against appellees.[2] The present appeal is taken from the March 12, 1990 order.

As the foregoing recitation reveals, this is clearly a case where a party who had been unsuccessful before one

---

**2.** For convenience of reference, we will hereinafter refer to the judge who initially denied the preliminary objections and refused to reconsider that decision as the "first judge". We will refer to the judge who entered the order on appeal, in which the preliminary objections were granted, as the "second judge".

judge was later able to convince another judge on the same court that the relief requested by that party should be granted. That is not how our system of justice is intended to operate. It is a well-recognized principle that "... judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other." *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827, 831 (1989). This principle was clearly violated here. Once a matter has been decided by a trial judge the decision should remain undisturbed, unless the order is appealable and an appeal therefrom is successfully prosecuted. Where the order is clearly interlocutory, as were the first order denying preliminary objections and the second order denying reconsideration thereof, it is impermissible for another judge of the same court simply to ignore the previous decision and, without explanation, enter its own inconsistent order.[3]

As a panel of this court has cogently stated, the purpose of the rule prohibiting one trial judge from overruling a decision by another judge on the same court is to "... ensure a degree of pretrial finality 'so that judicial economy and efficiency can be maintained.'" *Salerno v. Philadelphia Newspapers, Inc.,* 377 Pa.Super. 83, 87, 546 A.2d 1168, 1170 (1988) (quoting *Commonwealth v. Eck,* 272 Pa.Super. 406, 409, 416 A.2d 520, 522 (1979)). Clearly the second judge's reversal of the first judge's order did not serve the interests of judicial economy and efficiency which the rule seeks to promote. The issue concerning the preliminary objections had been decided and reconsideration thereof denied. At that point, the trial court should not have been called upon to devote any further time to the consideration of that issue.

Moreover, the course followed in this case does not comport with basic fairness. It smacks of judge shopping and

---

**3.** The record does not reveal whether the second judge was even aware of the entry of the first judge's order denying reconsideration. Whether he was aware or not does not, however, alter our analysis since the impact of the second judge's order overruling the first judge's order is the same in any event.

should not be condoned. Once an interlocutory pre-trial decision has been rendered, the party in whose favor that decision was rendered must be allowed to rely on it and proceed in accordance with it. To allow the opposing party to continue to attack that decision by seeking the same relief from a different judge, as if the order were somehow appealable within the trial court system, is not fair to the successful party. The proper avenue of redress for the opposing party is to wait until it can appeal the allegedly objectionable ruling once a final appealable order has been entered in the case.

Appellees argue that the second judge's action in this case does not constitute reversible error because the rule against one trial judge overruling another is not a matter of jurisdiction, but rather is based on the policy favoring finality. Appellees also argue that the *Salerno* case, referred to above, carves out an exception to the rule in any case where the original decision, later overruled by another judge of the same court, is not supported by an opinion and that this case falls within that exception. We disagree on both counts.

First, the fact that the rule generally prohibiting one trial judge from overruling another is not jurisdictional, i.e. the rule is not based on the second judge's lack of jurisdiction or power to decide the matter, has no relevance to whether the rule was violated here. There is no question as to whether the second judge here had jurisdiction over this case once it was assigned to him. The question is whether a trial judge should redecide those issues that have already been decided by the trial judge previously assigned to the case. Clearly he should not. Where a trial judge overrules the decision of another trial judge in the same case, he violates the rule of law which disfavors such action. That is what occurred here.

Second, appellees' reliance on *Salerno* is misplaced. *Salerno* involved an appeal from a grant of summary judgment for defendant in a libel action. Appellants argued that the grant of summary judgment was improper because another

judge on the trial court had previously denied preliminary objections filed by defendants on substantially the same grounds as those asserted in the summary judgment motion. Granting summary judgment, appellants argued, constituted a reversal of this prior ruling. *Salerno,* 377 Pa.Super. at 84–86, 546 A.2d at 1169–70. A panel of this court disagreed, holding that a denial of preliminary objections does not preclude a later grant of summary judgment. The panel relied primarily on the difference between preliminary objections, which address only the complaint and are filed in the initial pleadings stage of the case, and a motion for summary judgment, which is filed at a much later stage and is based upon what has been revealed through discovery. Therefore, the panel concluded that a denial of preliminary objections, especially when unaccompanied by an opinion providing a legal explanation, should not preclude entry of summary judgment after discovery and further refinement of the positions of the parties has revealed no genuine issue of material fact. *Id.*

Appellees misconstrue *Salerno* insofar as they focus on the *Salerno* court's observation that there had been no opinion authored by the judge who had previously denied the defendant's preliminary objections in that case. There is no parallel between this case and *Salerno* simply because in this case the first judge did not author an opinion in support of his order denying appellees' preliminary objections. First, *Salerno* did not actually involve one trial judge overruling another. The first judge in *Salerno* had denied preliminary objections, whereas the second judge granted summary judgment. This distinction was crucial to the *Salerno* court's approval of the second judge's action. Such a distinction is not present in this case.

Second, the *Salerno* court's observation concerning the lack of an opinion by the first judge appears to have been intended merely to indicate that the lack of an opinion rendered the exact reasons for the first judge's denial of preliminary objections unclear. Thus, the *Salerno* court could not precisely ascertain whether the second judge had

actually contradicted the first judge at all. In contrast, in this case the contradictory nature of the two rulings is self-evident. The first judge here denied the preliminary objections and refused to reconsider that decision. The second judge expressly reconsidered this decision, granted the preliminary objections and dismissed the complaint. We do not have two different procedural stages of the litigation, there was no further development of the facts or positions of the parties between the two decisions, and the fact that the second judge overruled the first judge on precisely the same issue is undeniable.

We can find no reason to ignore the clear applicability of the rule prohibiting one trial judge from overruling the other in the same case to the facts before us. We recognize, of course, that there is an exception to the rule prohibiting one trial judge from overruling the other which provides that the second judge is authorized to overrule the first if new evidence or newly decided legal authorities compel him to do so. *See, e.g., Vincent v. Fuller Company,* 400 Pa.Super. 108, 582 A.2d 1367 (1990). However, this exception is clearly not applicable here. The fact that in two other cases pending before the trial court the same preliminary objections had been granted by another judge of the same court does not constitute new evidence in this case, and the interlocutory decisions of the trial court in those cases do not bind the judge deciding this case.

Thus, despite the fact that the second judge may have quite correctly determined that appellees' preliminary objections should be granted and appellant's complaint dismissed, we must reverse the second judge's order on the ground that it impermissibly overruled the prior orders of a judge of coordinate jurisdiction in the same case. To ignore the invalidity of the order on this ground would be to sanction an approach to the resolution of cases that does not comport with basic fairness and that ultimately erodes the goals of finality and judicial economy.

The order of the trial court is reversed. The matter is remanded for further proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting.

I dissent to the Majority's reversal of the lower court's sustaining the preliminary objections in the nature of a demurrer entered against the plaintiff/appellant, Lamar Golden.

A demurrer tests the legal sufficiency of the complaint. *Mudd v. Hoffman Homes for Youth, Inc.*, 374 Pa.Super. 522, 524, 543 A.2d 1092, 1093 (1988). As the Pennsylvania Supreme Court has written:

> A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer.

*Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 623, 470 A.2d 86, 91 (1983) (Citations omitted).

The record indicates that on January 27, 1988, the plaintiff filed a complaint alleging that he was injured in an automobile accident and, as a result thereof, sought to recover benefits from his insurer, State Farm Insurance Company, pursuant to the existing law. In turn, State Farm, through its legal representative, requested a medical examination of the plaintiff. This examination, according to the plaintiff, was "unnecessary" and was intended to "harass" him. Further, the plaintiff asserted that service of the petition for medical examination by mail was in derogation of the Rules of Civil Procedure. As a result, the plaintiff claimed that he was denied due process and had been forced to submit to unnecessary and embarrassing

medical examinations, all of which were an unprivileged intrusion of his person causing great physical pain and mental suffering.

More particularly, in the plaintiff's first count of his five-count complaint, the defendants [1] were charged with breach of contract in requiring "unnecessary and harassing medical examinations" in contravention of the insurance policy, as well as insurance laws and the Rules of Civil Procedure. The second count alleged wrongful use of civil proceedings by the defendants for failure to serve timely the petition for medical examination by the sheriff. The third count was similar in that it asserted a misuse of process with the defendants' failure to have the petition served by the sheriff. The last two counts alleged the infliction of emotional distress by the "unwarranted intrusions" upon the body of the plaintiff as a result of the examinations, and the demand for punitive damages for the "outrageous" behavior of the defendants in conducting such examinations contrary to accepted social standards, the origin of which was "wanton, willful, malicious, reckless, intentional and outrageous and attended with fraud."

In response, the defendants filed preliminary objections in the nature of a demurrer alleging that the plaintiff failed to state a cause of action under any counts of the complaint "because all of the averments [we]re conclusory in nature and fail[ed] to contain the requisite degree of factual specificity, particularly in regard to time, person, place, and action." Further, the defendants asserted that the core of the complaint—"the filing of a Petition to Compel Medical Examination"—was not actionable because it took place at the direction of a court order and was "absolutely privileged" in that it occurred in the course of litigation. Lastly, as is herein germane, the defendants averred that the plaintiff's complaint was barred by the doctrine of laches

1. The defendants consist of the insurer, State Farm, its law firm, Dion and Rosenau, and the firm member handling the case, Dennis Veneziale, Esquire.

and/or the statute of limitations since the petition in question was filed and granted by the lower court in 1981.

The plaintiffs filed an answer with new matter denying the defendants' contention that no cause of action was set forth in the complaint, and that the representation of the defendants by counsel created a conflict of interest which necessitated a disqualification of the defendants' counsel.[2]

By order of court dated May 2, 1989, the defendants' preliminary objections were "overruled" by Judge D'Allessandro. Thereafter, on May 22, 1989, the defendants filed an answer with new matter denying that they acted improperly in any fashion so as to give a cause of action to the plaintiff. Defendants asserted the defense of the statute of limitations and/or laches, litigation immunity, and, upon information and belief, that the plaintiff did not undergo any independent medical examination as a result of the petition to compel such an examination.

Preliminary objections were submitted by the plaintiff to the defendants' answer and new matter reasserting a potential conflict of interest as to counsel representing all of the defendants. To the contention that the plaintiff did not undergo any medical examination, it was asserted by the plaintiff that: "The defendants' allegation that the plaintiff may not have had to undergo a medical examination is not a defense since the plaintiff may claim damages from the procedure which was followed by the defendants in filing the petition for medical examination."

Of record appears a Motion For Reconsideration of the May 2, 1989, order overruling the defendants' preliminary objections; it was filed February 1, 1990, with a notation that the motion was being forwarded to Judge D'Allessandro for disposition.[3] In the motion, counsel for the defendants recounted that the suit was predicated on a claimed denial of due process by the plaintiff in regard to the

2. A hearing was held and the plaintiff's motion to disqualify the defendants' counsel was denied by order dated March 21, 1990.

3. The notation appears on the face of a "Motion Court Cover Sheet" prepared by counsel for the defendants.

manner in which the Petition For Medical Examination was served (by mail and not by sheriff as is required with any original process), and that it was necessary and not intended to harass the plaintiff.

Although Judge D'Allessandro had overruled the defendants' preliminary objections, the defendants noted that two other lawsuits filed by the same counsel and alleging the same causes of action had been granted preliminary objections by Judge Doty. Accordingly, counsel for the defendants requested that, "to avoid inconsistency in results, and in recognition of Judge Doty's rulings on Preliminary Objections involving similar issues in two other cases," [4] the court reconsider its May 2, 1989, order and grant the preliminary objections previously filed for the reasons stated therein.

By order of court dated February 9, 1990, Judge D'Allessandro denied the defendants' motion for reconsideration of the May 2, 1989, order overruling the defendants' initial preliminary objections. In the record appears an order dated March 12, 1990, and signed by Judge Doty reading:

Lamar Golden

vs.

Dion & Rosenau, et al.

COURT OF COMMON PLEAS

JANUARY TERM, 1989

No. 4676

ORDER

... upon reconsideration of this Court's Order dated May 2, 1989, it is hereby ORDERED and DECREED that

---

4. The cases were captioned *Bowie v. Dion & Rosenau, et al.*, CCP, May Term, 1989, No. 4049, and *Kovatch v. Dion & Rosenau*, CCP, January Term, 1989, No. 4677. Each case was initially heard and disposed of by Judge Doty before being appealed by counsel for the plaintiff to Superior Court. A panel of this Court affirmed the orders granting preliminary objections by Judge Doty. See *Bowie v. Dion & Rosenau, et al.*, 408 Pa.Super. 642, 588 A.2d 556 (1990); *Kovatch v. Dion & Rosenau, et al.*, 408 Pa.Super. 657, 588 A.2d 568 (1990). No application for panel reconsideration has been filed in regard to either case.

Defendant's Preliminary Objections to Plaintiff's Complaint are GRANTED and the Complaint is dismissed with prejudice.

In an opinion in support of the March 12, 1990, order, Judge Doty referred to the opinion he wrote in *Bowie v. Dion & Rosenau, et al.*, May Term, 1989, No. 4049, to buttress his decision to grant the defendants' preliminary objections.

The issue with which we are confronted via the plaintiff's application for panel reconsideration is the propriety of Judge Doty issuing an order at odds with and, in effect, overruling Judge D'Allessandro's order in regard to *Golden v. Dion & Rosenau, et al.*, No. 4676, January Term, 1989.

As noted by the Pennsylvania Supreme Court on the question of "judges of coordinate jurisdictions" acting inconsistently in the same case:

> It is true that judges of coordinate jurisdictions sitting in the same court and in the same case should not overrule the decisions of each other. We note, however, that this rule is not a matter of jurisdiction *per se;* rather it is a rule of sound jurisprudence based on the policy of fostering finality of pre-trial applications so that judicial economy and efficiency can be maintained.

*Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827, 831 (1989) (Citations omitted). Also, this Court, in *Salerno v. Philadelphia Newspapers, Inc.,* 377 Pa.Super. 83, 546 A.2d 1168 (1988), found no error in upholding a grant of a motion for summary judgment finding that a newspaper article was not capable of a defamatory meaning even though preliminary objections claiming the same relief and regarding the identical article was denied by another judge. In doing so, we wrote:

> Ordinarily, a trial judge should not place himself in the position to overrule a decision by another judge of the same court in the same case. The purpose of this rule is to ensure a degree of pretrial finality "so that judicial economy and efficiency can be maintained." However, this rule is not intended to preclude granting summary

judgment following denial of preliminary objections. "The failure to present a cause of action upon which relief can be granted may be raised at anytime. A motion for summary judgment is based not only upon the averments of the pleadings but may also consider discovery depositions, answers to interrogatories, admissions and affidavits." We can discern no reason for prohibiting the consideration and granting of a summary judgment if the record as it then stands warrants such action. This is particularly true when the preliminary objections were denied without an opinion. Moreover, where, as here, dismissal of the entire complaint on motion for summary judgment is appropriate, preclusion of consideration of the summary judgment motion by application of the rule stated, would have further burdened the parties and the court by requiring them to undergo the time and expense of an unnecessary trial, and thereby thwart the very purpose the rule was intended to serve, *i.e.* that judicial economy and efficiency be maintained. Thus, we reject appellant's ... contention [that the trial court erred in granting summary judgment upon finding that material published by the appellee was not capable of supporting an action for defamation and intentional or negligent infliction of emotional distress when a court of coordinate jurisdiction had ruled that it was capable of both in denying appellee's preliminary objections.]

377 Pa.Super. at 87–88, 546 A.2d at 1170 (Citations omitted).

As noted in *Okkerse* and *Salerno,* the rule of issue-preclusion by a subsequent judge of coordinate jurisdiction, where the same issue has been decided differently by a previous judge, is not a hard-and-fast rule; it is a matter of sound jurisprudence geared to promote finality of pre-trial matters so that judicial economy and efficiency can be maintained. This is especially true when the initial judge entered its order without an opinion.

Because Judge D'Allessandro did not issue an opinion in support of his denial of the appellees' motion seeking reconsideration of his May 2, 1989, order denying the appellees'

preliminary objections, we are without guidance and insight as to the basis for his actions. See *Williams v. City of Philadelphia,* 131 Pa.Cmwlth. 71, 569 A.2d 419, 421 (1990); *Salerno,* supra. In contrast, we have the opinion of Judge Doty enunciating the predicate for his order granting the preliminary objections of the appellees, albeit the basis has its origin in the issuance of orders in two other cases involving the "identical" underlying issue challenging the manner of service of the appellees' Petition For Medical Examination which spawned a five-count complaint, in each of the two other cases and the one at bar, sounding in breach of contract, wrongful use of civil proceedings, misuse of process, infliction of emotional distress and punitive damages. See note 5, infra.

In dismissing the plaintiff's complaint, Judge Doty "refer[red]" to his opinion in *Robert Bowie v. Dion & Rosenau, State Farm Insurance Company, Lee H. Rosenau, Esq., Ind., & t/a Dion & Rosenau,* (May Term, 1989, No. 4049, Court of Common Pleas of Philadelphia County), as reflective of the rationale underlying his grant of the preliminary objections of the appellees. He did so because the "identical issues" were raised by the same counsel in the *Bowie* case.

In justification of his ruling, Judge Doty concluded that no specific facts had been alleged to show that the appellees' conduct was "outrageous, intentional, or otherwise wanton" to support a cause of action for intentional infliction of emotional distress. I join in this determination.

Under *Comment* D to Section 46 of the Restatement (Second) of Torts, when pleading a claim for intentional infliction of emotional distress, it is written that:

It has not been enough that the Defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice" or a degree of aggravation which would entitle Plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character

and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation would arouse resentment against the actor and lead him to exclaim "outrageous"!

I do not find any allegation proffered by the plaintiff in the complaint that would cause me to exclaim "outrageous" with regard to any of the conduct attributed to the defendants by the plaintiff. See *Baker v. Morjon, Inc.*, 393 Pa.Super. 409, 574 A.2d 676 (1990), and compare *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1979) and contrast *Jones v. Nissenbaum, Rudolph & Seidner*, 244 Pa.Super. 377, 368 A.2d 770 (1976).

In regard to the breach of contract count, Judge Doty wrote that the plaintiff had failed to set forth sufficient facts to establish a cause of action because of the "fail[ure] to specify the contract terms at issue and the manner of their breach and [the] fail[ure] to allege that the [appellees'] conduct was unprivileged." I concur. See, *e.g., Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986) (actions and communications which are pertinent and material to representations in ongoing proceedings enjoy absolute immunity).

Likewise, Judge Doty found that no facts had been averred to establish a cause of action for wrongful use of civil proceedings or misuse of process. On this point, the judge explained:

[appellant] failed to allege that the underlying litigation terminated in his favor and failed to show proper exhaustion of all remedies in that underlying litigation. Nor has he shown any damages which resulted from unprivileged conduct by the defendants. In addition, plaintiff failed to state the day, month or year when the alleged improper conduct of the defendants occurred.

I find no fault with the judge's assessment of the case *sub judice*. See, *e.g., Brown v. Delaware Valley Transplant Program*, 372 Pa.Super. 629, 539 A.2d 1372 (1988).

Under the prevailing standards of review, as applicable to preliminary objections in the nature of a demurrer and judges of coordinate jurisdiction issuing contrary rulings in the same case, I would hold that the claims of the plaintiff lack merit. In particular, I see no need to remand this case to allow Judge D'Allessandro to give us his rationale for entering the challenged May 2, 1989, order and the denial of the reconsideration thereof on February 9, 1990. Rather, to require that the parties be placed in the same position in the legal process following Judge D'Allessandro's February 9, 1990, order would ignore the realities of the case and fly in the face of the purpose behind the rule that judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other, *i.e.*, promote judicial economy and efficiency in the judicial system.[5] See *Okkerse*, supra; *Salerno*, supra.

Additionally, I would hold that Judge Doty, having ruled on two similar cases brought by counsel for the plaintiff against the same defendants on behalf of two other plaintiffs, see note 5, supra, was exposed to additional information not otherwise presented for Judge D'Allessandro's consideration (save for the notation of the existence of the other two related cases being litigated, id.). See *Buck v. Coldway Food Express, Inc.*, 383 Pa.Super. 580, 557 A.2d 404, 407 (1989); *Roseman v. Hospital of the Univ. of Pa.*, 377 Pa.Super. 409, 547 A.2d 751 (1988).

More importantly, unlike the Majority, I find that *Salerno*, supra, stands for the proposition that where the dismissal of a lawsuit is "appropriate", *be it at the preliminary objection or summary judgment stage,* and to do otherwise "would ... further burden[ ] the parties and the court by requiring them to undergo the time and expense of an

---

5. Having had the opportunity to examine the record in this case, I do not see what would be accomplished by reversing the order of Judge Doty of March 12, 1990. The complaint does not withstand a preliminary objection challenge. Although the better practice would have been to have the case at bar heard by the same judge who ruled on the cases cited in footnote 5 at the pre-trial level, I do not find the course taken or result reached to warrant a reversal by this Court. The judgment should stand as entered.

unnecessary trial, [or further pre-trial pleadings, this] thwart[s] the very purpose the rule was intended to serve, i.e., that judicial economy and efficiency be maintained." Id. 377 Pa.Super. at 88, 546 A.2d at 1170.

By reversing and remanding this case, I am of the opinion that we do a disservice to the litigants and merely pay lipservice to the *Okkerse* and *Salerno* goal of promoting judicial economy and efficiency. For example, at bar, we have a case involving the *same* causes of action, the *same* legal theories of recovery and the *same* defendants which resulted in the grant of the appellees' preliminary objections in two previous lawsuits filed by the *same* attorney. The only distinction being the names of the plaintiffs vary in each of the three cases. See notes 1 & 4.

By the Majority's actions this day, we protract this lawsuit unnecessarily, add to the cost of proceeding with this dispute and clog the court system below with a suit which, for all intent and purposes, has *no more merit* than the two previous cases affirmed by this Court on appeal from the appellees' preliminary objections. See note 4. The Majority admits as much when it concedes "the fact that [Judge Doty] may have quite correctly determined that appellees' preliminary objections should be granted and appellant's complaint dismissed[.]" Majority Opinion at 513.

I wish to distance myself from any appearance that I condone "judge-shopping" as a means to secure a ruling contrary to that issued by another judge of equal jurisdiction. But, given the facts confronting us here, I believe that affirmance of Judge Doty's March 12, 1990, order would obviate further burdening of the litigants under the aegis of *Okkerse* and *Salerno*, both of which endorse a rule of sound jurisprudence, i.e., issue-preclusion by a judge of coordinate jurisdiction need not be followed where to do so would burden the litigants and the court by requiring them to expend, unnecessarily, time and expense in further litigation. I find the instant case to be such a situation. Thus, I respectfully dissent.