**Denise TARANTINO, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, KUTZTOWN UNIVERSITY.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided Jan. 10, 1995.

Reargument Denied Feb. 23, 1995.

Michael A. Snover, for appellant.

Gerhard Schwaibold, Deputy Atty. Gen., for appellee.

Before COLINS, P.J., NEWMAN, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Denise Tarantino (Appellant) appeals from the order of the Court of Common Pleas of Berks County granting a judgment of *non pros* in favor of the Commonwealth of Pennsylvania, Kutztown University (Appellee) and terminating Appellant's action with prejudice.

The relevant procedural history is as follows. On July 18, 1986, Appellant commenced this action by complaint for injuries sustained as a result of a "slip and fall" which occurred on the Kutztown University campus. Appellant suffered a fractured left kneecap, which required surgery and left a permanent scar.

This matter was originally assigned to the Honorable Judge Calvin Lieberman of the Court of Common Pleas of Berks County. Appellee filed its answer and new matter on August 7, 1986, and Appellant filed her reply to new matter on September 4, 1986. Both parties served interrogatories and requests for production on each other, and answers to the same were filed by October 30, 1987.

On August 20, 1987, Jefferson J. Shipman, Esquire, entered his appearance for Appellee, and on November 14, 1988, the Honorable Senior Judge Grant E. Wesner, who assumed all of Judge Lieberman's cases, held a hearing on Appellee's motion for summary judgment. On November 29, 1988, Judge Wesner denied Appellee's summary judgment motion.

Prior to July 7, 1992, when Appellee filed its petition for judgment of *non pros*, there were several telephone conversations initiated by John R. Vivian, Jr., counsel for Appellant, with Attorney Shipman, and after June 5, 1990, with Thomas J. Devlin, who entered his appearance for Appellee. On or about January 1, 1990, this case was reassigned to the Honorable Judge Thomas J. Eshelman; however, no order was entered upon the docket of this case, either generally or specifically, respecting this reassignment. Other than the change of Appellee's lawyer on July 5, 1990, the docket does not reflect any activity by either party between November 29, 1988, when Judge Wesner denied Appellee's summary judgment motion, and July 7, 1992, when the petition for *non pros* was filed.

On July 21, 1992, Appellant advised Appellee of her intention to file a certificate of readiness for trial. Subsequently, she sought an order from Judge Eshelman at the scheduled motions court session on August 5, 1992, directing the filing of such a certificate, which is the procedure to be followed under

Berks County local rules when a party has refused to stipulate to readiness for trial. By way of letter dated July 23, 1992, Appellee raised an objection to the listing of the case for trial because of its outstanding petition for judgment of *non pros* filed on July 7, 1992. However, Appellee's attorney elected not to appear at the hearing before Judge Eshelman to contest the certificate of readiness. The trial court specifically found that Judge Eshelman was made fully aware of Appellee's objection to the issuance of the certificate as stated in the July 23, 1992 letter. (Finding of Fact No. 19.) Despite this objection, Judge Eshelman signed the proposed order, certifying the case ready for trial.

On August 20, 1992, this action was reassigned to the Honorable Albert A. Stallone. On November 2, 1992, after the first of three hearings on Appellee's *non pros* petition, Judge Stallone issued an order denying and dismissing the petition. Subsequently, Appellee filed a motion for reconsideration of the denial of the *non pros* petition, and that motion was granted on November 20, 1992. Hearings were again held on Appellee's *non pros* petition on December 16 and December 29, 1992, and Judge Stallone then issued an order and opinion granting Appellee's petition for judgment *non pros*. We are asked to review this order on appeal.

■■■■ Appellant presents seven issues for our review. The first issue is phrased as whether Judge Stallone violated the "law of the case" by setting aside Judge Eshelman's August 5, 1992 order finding the case ready for trial. Appellant argues that under the doctrine of the "law of the case," Judge Stallone is precluded from entering an order for a judgment *non pros*. Although Appellant erroneously labels this doctrine the "law of the case," [1] it is well settled that it is improper for a trial judge to overrule an interlocutory order of another judge of the same court in the same case. *Boyle v. Steiman,* 429 Pa.Superior Ct. 1, 631 A.2d 1025 (1993). However an exception exists where

new evidence is placed on the record in the interim between the first trial court judge's ruling and the second trial judge's reassessment. Where the record is materially different from the record that was before the preceding judge, it is not improper for the succeeding judge to reach a different result. *Id.; Hutchison by Hutchison v. Luddy,* 417 Pa.Superior Ct. 93, 611 A.2d 1280 (1992) *appeal dismissed,* 538 Pa. 484, 649 A.2d 435 (1994).

Thus, for example, in *Boyle,* when the first judge was not aware that the reason the plaintiff had failed to respond satisfactorily to interrogatories was because the information and documents requested were already under the defendant's control, but the succeeding judge was made aware of this fact, the second judge was held to have been justified in lifting his predecessor's sanction order which precluded plaintiff from introducing any evidence on subjects covered by the interrogatories. The Superior Court held that the information about the control of the documents was new evidence which constituted a material change in the record sufficient to permit the second judge to overrule the interlocutory order of the first judge.

In contrast, in *Golden v. Dion & Rosenau,* 410 Pa.Superior Ct. 506, 600 A.2d 568 (1991), the court held that the second judge's decision to grant preliminary objections and dismiss the case was improper when the first judge assigned to handle the case denied preliminary objections, and then, on reconsideration, again denied preliminary objections. In the interim, no new evidence was adduced. The Superior Court, in overturning the second judge's order granting preliminary objections, stated that this was not how the system was intended to operate. Once a matter is decided by a trial judge, the decision should remain undisturbed unless the order is appealable.

In the case before us, Judge Eshelman was presented with a contested certification

---

1. The doctrine of "law of the case" provides that where an *appellate court* has considered and decided a question on appeal, that court will not, in a subsequent appeal of another phase of the same case, reverse its previous ruling, even

though convinced it was erroneous. The doctrine is inapplicable here because the rule applies only to appellate courts. *Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987).

of readiness for trial. Judge Eshelman was made aware that Appellee objected to such certification based on the lack of any alleged activity on the file for four years, and the pending petition for a judgment of *non pros.* Nonetheless, Judge Eshelman entered an interlocutory order granting the certification of readiness and listed the case for trial. Appellee did not ask for reconsideration of this ruling, and instead, after the case was reassigned to Judge Stallone on August 20, 1992, Appellee appeared to argue only the merits of its petition for judgment of *non pros.* Judge Stallone denied Appellee's petition after the first hearing, but on reconsideration he granted the judgment of *non pros* and dismissed the case with prejudice. Thus, although Appellee was unsuccessful in arguing before Judge Eshelman that Appellant's lack of diligence merited a dismissal of the case, Appellee was given a second chance, and was successful in convincing another judge on the same court, and then only after reconsideration and rehearing, that a judgment of *non pros* should be entered.

Appellee points to our case, *Richmond Township v. Thornton,* 159 Pa.Commonwealth Ct. 556, 633 A.2d 1312 (1993), in which we reversed a default judgment entered against the defendant after the court, on its own motion, sent a notice of intent to terminate the action because of plaintiff's inactivity in the case. Pa.R.J.A. No. 1901. However, in *Richmond,* this Court did not indicate that the first judge was made aware, at the time he ruled on the default judgment, that there was a pending notice of intention to terminate for docket inactivity. Thus, we may distinguish *Richmond,* because there the first judge did not rule on the issue of the Defendant's failure to prosecute when he granted the default judgment, while here, Judge Eshelman clearly considered this issue when he ruled to list the case for trial.

The principle that "judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other," *Id.* 410 Pa.Superior Ct. at 510, 600 A.2d at 570 (quoting *Okkerse v. Howe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989)), would be undermined if we confirmed Judge Stallone's decision to dismiss for failure to prosecute. We have stated that there must be some finality to the determination of all pretrial applications so that judicial economy and efficiency can be maintained. *Farber.* Unless there is some new evidence presented to the court in the interim, it is improper for a trial judge to overrule an interlocutory order of another judge. *Reifinger v. Holiday Inns, Inc.,* 315 Pa.Superior Ct. 147, 461 A.2d 839 (1983).

Here, Judge Stallone held that new evidence was presented at the hearings on the petition for a judgment of *non pros,* and also held this evidence constituted a materially different record from that previously placed before Judge Eshelman. However, Judge Stallone fails to specify what new evidence, if any, was presented that was different from that in the record before Judge Eshelman. Close scrutiny of the evidentiary hearings before Judge Stallone shows that Appellee presented no new factual evidence which warranted a relitigation of the issue of Appellant's delay in prosecuting the case. Rather, the issue at the hearings was whether the *Appellant* produced evidence sufficient to rebut the presumption of prejudice which arises from lack of docket activity for a period of two years or more. *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). Judge Stallone decided this issue adversely to Appellant, but not because there was new evidence produced by Appellee.

Because we find that Judge Stallone erred in setting aside Judge Eshelman's order listing the case for trial, we need not consider the merits of the other issues raised by Appellant. We therefore reverse Judge Stallone's order granting Appellee's petition for judgment of *non pros* and terminating the action with prejudice, and remand for proceedings in accordance with this opinion.

### ORDER

AND NOW, this 10th day of January, 1995, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby reversed and the case is

remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.