# Maiale v. Procaccino

*Robert P. Stein,* for plaintiff.
*Dante Rohr,* for defendants.

CARRAFIELLO, *J.,* June 16, 2005—Eugene Maiale, plaintiff below, appeals the April 4, 2005 order of the Court of Common Pleas granting defendants, Virgil and Norma Procaccino's, motion in limine to preclude the testimony of any expert witnesses on behalf of plaintiff and their motion for summary judgment.

## FACTUAL AND PROCEDURAL HISTORY

Eugene Maiale (appellant) is the owner of a building comprising three residential trinity type townhouses located at 227 Fitzwater Street in Philadelphia. In early 2002, Virgil and Norma Procaccino (appellees) purchased property located at 229 Fitzwater Street, which is adjacent to appellant's property, to build their primary residence. Appellees arranged for the clearing of their property in preparation of the construction of their new home, yard and garden. This work included the demolition and removal of a garage located at the rear of their property, whose roof was attached to the wall forming the boundary with appellant's property, and whose concrete floor

provided an additional water barrier. Appellees replaced the garage with a garden and a retaining wall was built, under the supervision of appellant, consisting of a block wall extending six feet below grade butted against the entire length of appellant's basement wall and sealed with bituminous water repellant material, wire lath and stucco.

Demolition of the existing structure was completed in April 2002, and the premises were occupied by appellees in June of 2003. Appellant contends that when appellees demolished the garage in favor of a garden, the below-ground western wall of appellant's property was exposed to damage from surface waters. Appellant filed a complaint with Licenses and Inspections and Nicholas Spinozzi, the inspector who investigated appellant's complaint, concluded water was not leaking from appellees' yard into appellant's property.

Thereafter, appellant commenced this action by filing a writ of summons on September 5, 2003. On October 8, 2004, the Honorable Judge Norman Ackerman issued a case management order which provided December 1, 2004 as the deadline for appellant to submit an expert report. On November 29, 2004, appellant filed a motion for extraordinary relief and three days later appellant withdrew prior counsel, and current counsel entered his appearance. On December 15, 2004, Judge Ackerman granted appellant's motion for extraordinary relief and postponed appellant's expert report deadline to January 1, 2005.

On February 11, 2005, appellees filed a motion in limine to preclude the testimony of any expert witnesses on behalf of plaintiff and a motion for summary judgment. Six days later, appellant served a copy of his ex-

pert report upon appellees. On April 4, 2005, after consideration of appellees' motion and appellant's response, this court granted appellee's motion and granted summary judgment. This timely appeal followed.

## LEGAL DISCUSSION

Appellant filed a timely 1925(b) concise statement of matters complained of on appeal, alleging that this court erred, "in granting [appellee]s' motion for summary judgment, as there exists genuine issues of material fact." Appellant further alleges this court erred, "In granting [appellees'] motion in limine to preclude the testimony of any expert witness on behalf of [appellant] based upon late submission for the following reasons: (a) there would be no prejudice to [appellee]; (b) [appellant] did not act in bad faith; (c) [appellant] did not violate any previous discovery order or court-imposed deadline warranting the harshest of sanctions." For the following reasons, this court did not err in excluding appellant's expert report and properly granted summary judgment in favor of appellees.

### I. *This Court Correctly Precluded Appellant From Introducing an Expert Report That Was Submitted 47 Days After the Deadline Imposed by Judge Ackerman*

Appellant argues that this court should have permitted him to introduce his expert report and testimony at trial, in contravention of Judge Ackerman's order requiring the report to be submitted by January 1, 2005. Pennsylvania courts have long recognized that judges of co-

ordinate jurisdiction sitting in the same case should not overrule each others' decisions. *Okkerse v. Howe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989). This rule, known as the "coordinate jurisdiction rule," is a rule of sound jurisprudence based on a policy of fostering the finality of pretrial applications in an effort to maintain judicial economy and efficiency. *Id.* See also, *Golden v. Dion & Rosenau,* 410 Pa. Super. 506, 510, 600 A.2d 568, 570 (1991). A court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. *Commonwealth v. Starr,* 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995); see also, 21 C.J.S. Courts §149a; 5 Am.Jur.2d Appeal and Error §744. Departure from this principle is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed. See *Musumeci v. Penn's Landing Corporation,* 433 Pa. Super. 146, 640 A.2d 540 (1994) (the coordinate jurisdiction rule applies in all cases except where newly-discovered evidence or newly-developed legal authority compel a result different than that reached by the first judge).

At the time Judge Ackerman entered his order, appellant had already obtained new counsel and there were no subsequent changed circumstances, newly-discovered evidence, or newly-developed legal authority to compel a different result. Appellant's expert report was submitted on February 17, 2005, *47 days late,* and within weeks

454

of trial.[1] There was no compelling reason for this court to question or undermine Judge Ackerman's explicit scheduling order.

On the merits of appellant's argument, the Pennsylvania Supreme Court has held that, in determining whether to preclude an expert's testimony at trial when that expert was not identified in interrogatories, the trial court must examine: (1) whether the non-offending party was prejudiced; (2) the merit of the offending party's excuse for not identifying the expert; and (3) the importance of the excluded testimony. *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986). Appellant failed to offer any meritorious excuse for disobeying Judge Ackerman's order as he had already obtained new counsel *prior* to the entry of the order. Appellant argues that, "[appellee]s will in no way suffer prejudice due to the fact that [appellee]s' expert opinions were proffered prior to [appellant]'s deadline." See appellant's response to appellees' motion for summary judgment, memorandum of law, p. 4. However this court found appellees would be prejudiced by the late submission due to the close proximity to trial and the need to prepare for cross-examination. While the expert report is important, appellant was given every reasonable opportunity to comply with the case management schedule, and indeed could have petitioned for additional extraordinary relief but failed to do so. Thus, the expert report and testimony contained therein were properly excluded.

---

1. The case was assigned to the "March trial pool," and would likely have been tried in this court during the month of March 2005. See docket.

## II. *Summary Judgment Was Properly Granted*

Appellant also argues that this court erred in granting appellees' motion for summary judgment, "as there exists genuine issues of material fact." Summary judgment may be granted whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense. Pa.R.C.P. 1035.2.

This Commonwealth adheres to the common law or "common enemy" rule that regards surface waters as a common enemy which every landowner must fight to get rid of as best he may. *Tom Clark Chevrolet v. Pennsylvania Department of Environmental Protection,* 816 A.2d 1246, 1252 (Pa. Commw. 2003). A landowner is liable for the effects of surface waters only where he either (a) artificially diverts the water from its natural channel, or (b) unreasonably or unnecessarily increases the quantity or changes the quality of water discharged from his property. *Id.* at 1253. Failure to control the surface waters discharged through a natural channel as a result of the ordinary and reasonable development of the land is not negligence. *Id.* at 1254.

Appellees offered the expert testimony of Jon J. Hare, R.A., P.E., P.P, in support of their motion for summary judgment wherein Mr. Hare concluded that appellees took all necessary precautions to protect the party wall foundation between 229 Fitzwater Street and 227 Fitzwater Street. By converting the garage into a garden, appellees have not artificially diverted the waters but simply restored the land and the flow of water over and through the land to its natural state. Appellees' expert supports the contention that appellees are not liable under the "common enemy" rule.

Appellant only briefly addressed appellees' arguments in his response to the motion. The full response is as follows:

"In order for [appellee]s to prevail in their motion for summary judgment, they must prove that no issues of material fact exist as to [appellee]s' negligence. [Appellees], in both their moving papers and expert report, contend that other factors partially or fully contributed to the damage in question. *This, in and of itself,* raises issues of material fact and credibility, both of which are squarely within the province of the jury." See appellant's response to appellees' motion for summary judgment, memorandum of law, p. 3. (emphasis added) Thus, appellant argues that appellees' moving papers create genuine issues of material fact.

However, once a sufficient quantum of evidence has been presented establishing the moving party's entitlement to summary judgment, the burden shifts to the opposing party or parties to demonstrate that the trial would not be a fruitless exercise. *Community Medical Services v. Local No. 2665,* 292 Pa. Super. 238, 437 A.2d 23 (1981). See also, *Brooks v. Joymar Corp.,* 2 D.&C.4th 387, 389 (1989). Following a prima facie showing by the movant for summary judgment, summary judgment should be granted unless the opposing party offers competent evidence admissible at trial showing that there is a genuine issue as to a material fact. *Community Medical Services,* 292 Pa. Super. at 238, 437 A.2d at 27.

Although appellant argues that appellees' "moving papers and expert report" created issues of material fact, appellees' assertions actually presented enough evidence

to show their entitlement to summary judgment to shift the burden to appellant to dissuade this court from granting the same. Appellant has not met this burden.

Appellees' submissions demonstrate that they replaced the garage with a garden and built a retaining wall, under the supervision of appellant, consisting of a block wall extending six feet below grade, butted against the entire length of appellant's basement wall and sealed with bituminous water repellant material, wire lath and stucco. The L & I inspector concluded that no water was leaking into appellant's property from appellees' yard and the expert report of Mr. Hare concluded that appellees took all necessary precautions to protect the party wall foundation between 229 Fitzwater Street and 227 Fitzwater Street. Appellees did not artificially divert the water from its natural channel, or unreasonably or unnecessarily increase the quantity or change the quality of water discharged from their property. See *Tom Clark Chevrolet,* 816 A.2d at 1253. Failure to control the surface waters discharged through a natural channel as a result of the ordinary and reasonable development of the land is not negligence. *Id.* at 1254.

Appellant failed to rebut, disprove, or otherwise show a genuine issue of fact exists as to any of the contentions contained in appellees' motion for summary judgment. Appellant failed to demonstrate any evidence showing that there were defects in appellees' construction, or that appellees should have taken any additional precautions. Appellant chose to rest upon the submissions of appellees in attempting to demonstrate that a genuine issue of material fact existed. Under these circumstances, this court is hard-pressed to find that converting a garage into a gar-

den is somehow "unreasonable" under the common enemy rule.

Lastly, there is nothing in appellant's precluded expert report which would create a genuine issue of material fact if it were admitted. As it was proper for this court to grant appellees' petition and enter summary judgment, this court's order of April 4, 2005, should be affirmed.