J-S07014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JULIAN VINCENT CROSBY :
:
Appellant : No. 1508 MDA 2024

Appeal from the PCRA Order Entered August 27, 2024
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000030-2018

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED JUNE 22, 2026**

Julian Vincent Crosby appeals from the order that denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate the PCRA court's order and remand with instructions.

Appellant is serving an aggregate judgment of sentence of forty-five to ninety-six months of imprisonment for conspiracy to deliver heroin, possession of heroin, and criminal use of a communication facility, after a jury convicted him on evidence including the testimony of his co-conspirator, Kimberly Barzona. This Court affirmed Appellant's judgment of sentence in July 2019 and our Supreme Court denied his request for discretionary review in February 2020. *See Commonwealth v. Crosby*, 220 A.3d 661, 2019 WL 3229616 (Pa.Super. 2019) (non-precedential decision), *appeal denied*, 224 A.3d 365 (Pa. 2020).

Appellant *pro se* instituted the instant PCRA proceedings the following month. The PCRA court appointed Frederick D. Lingle, Esquire, who filed an amended petition. The PCRA court conducted a hearing on June 8, 2021, at which trial counsel and Appellant testified. Unpersuaded of his right to relief, the PCRA court denied Appellant's petition by order of August 20, 2021.

Appellant, through Attorney Lingle, appealed that denial to this Court. Appellant on his own behalf filed a motion in this Court to proceed *pro se*, complaining pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), that Attorney Lingle had offered ineffective assistance. This Court vacated the PCRA court's denial order and remanded with the following instructions:

> On remand, the PCRA court should hold a hearing pursuant **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether [Appellant] should be permitted to proceed *pro se* or whether new counsel should be appointed. We further direct the PCRA court to allow further development of the claims that PCRA counsel was ineffective, either by [Appellant] *pro se* or through newly appointed counsel, and to dispose of such claims in the first instance.

**Commonwealth v. Crosby**, 279 A.3d 1288, 2022 WL 1679290, at *1 (Pa.Super. 2022) (non-precedential decision).

Following remand, the PCRA court vacated the appointment of Attorney Lingle and appointed new counsel, who filed a series of amended PCRA petitions before the court conducted a hearing on April 5, 2024, at which trial counsel, Appellant, and Attorney Lingle testified. The court instructed the parties to file post-hearing briefs concerning Appellant's challenges to

- 2 -

Attorney Lingle's performance. In particular, Appellant assailed Attorney Lingle's failure to properly raise claims that trial counsel had been ineffective by: (1) inadequately impeaching co-conspirator Barzona; (2) not raising a claim pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963), concerning witness Scott Conrad; (3) failing to raise a **Brady** challenge regarding Barzona; and (4) not objecting to the Commonwealth's improper bolstering of Barzona's credibility.

The court denied Appellant's PCRA petition by opinion and order of August 27, 2024. The court began its analysis thusly:

> A second or subsequent post-conviction request for relief will not be entertained unless a strong *prima facia* [*sic*] showing is offered to demonstrate that a miscarriage of justice may have occurred. **Commonwealth v. Lawson**, 549 A.2d 107, 112 (Pa. 1988). A petitioner makes such a *prima facia* [*sic*] case "only if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." **Commonwealth v. Morales**, 701 A.2d 516, 520-21 (Pa. 1997).
>
> On direct appeal, the Superior Court found that the evidence was sufficient to support [Appellant]'s conviction[s]. None of the issues raised alleged new evidence that would establish [his] actual innocence. Therefore, the Court finds [Appellant] has not set forth a *prima facia* case if he was innocent of the crimes charged.

Opinion and Order, 8/27/24, at 2-3 (pagination supplied, citation formats altered). The PCRA court then opined as follows concerning two of Appellant's challenges to Attorney Lingle's stewardship over the pre-appeal PCRA litigation:

- 3 -

With respect to two of the issues identified at the evidentiary hearing, this court previously rejected [Appellant]'s claims of trial counsel's ineffectiveness, and this Court is bound by that finding. ***See Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (citing ***Golden v. Dion and Rosenua***, 600 A.2d 568, 570 (Pa.Super. 1991) ("Once a matter has been decided by a trial judge the decision should remain undisturbed, unless the order is appealable and appeal therefrom is successfully prosecuted[.]")). Therefore, this court cannot find that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate. This court issued an opinion and order filed August 20, 2021[,] which specifically addressed two of the ineffectiveness claims raised by [Appellant]'s second PCRA petition. . . . In his first PCRA petition, [Appellant] argued that trial counsel was ineffective for failing to cross examine Commonwealth witness, Kimberly Barzona, regarding the location where the heroin exchange with [Appellant] occurred. . . . The court found that trial counsel's basis for deciding not to further cross examine Commonwealth witness Barzona was part of his strategy and therefore did not constitute ineffectiveness of counsel.

The second issue addressed with respect to the first PCRA petition involved Commonwealth witness, Scott Conrad. [Appellant] had argued in the first PCRA petition, as he now argues, that he is entitled to a new trial because the Commonwealth failed to provide Scott Conrad's criminal history through discovery and that trial counsel was ineffective for failing to object to the Commonwealth's impeachment of witness Conrad. . . . Inasmuch as trial counsel had discovered the criminal history through his own investigation, as previously stated, this court is bound by the previous findings and therefore [Appellant] is not entitled to relief on these two issues.

***Id***. at 3-4 (pagination supplied, citation formats altered, unnecessary capitalization omitted). The court then proceeded to address and reject the remaining two claims that Attorney Lingle was ineffective, finding a lack of prejudice and lack of merit, respectively.

This timely appeal followed. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he complied. In this Court, Appellant pursues the same four issues litigated following our remand, asserting that the PCRA court either did not adequately address the challenges to Attorney Lingle's ineffectiveness or improperly denied them. *See* Appellant's brief at 4.

We begin by observing that our task in reviewing "orders denying PCRA relief [is] to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Davis*, 326 A.3d 988, 992 (Pa.Super. 2024) (cleaned up). Conducting that review in the case *sub judice*, we are constrained to conclude that the opinion of the PCRA court reproduced above manifests multiple legal errors.

First, the PCRA court viewed the challenges to Attorney Lingle's litigation of Appellant's PCRA claims as arising in the context of second or subsequent PCRA proceedings, triggering an additional burden upon Appellant to demonstrate manifest injustice or actual innocence in addition to the elements of a claim of ineffective assistance of counsel. However, the *Bradley* Court expressly rebuffed the idea that considering claims against PCRA counsel raised after the PCRA court's initial disposition of a first petition constituted a new PCRA proceeding rather than a continuation of the existing one. *See Bradley*, 261 A.3d at 404 ("[W]e reject the notion that considering ineffectiveness claims on collateral appeal constitutes a prohibited serial

- 5 -

petition[.]"). Consequently, the PCRA court from the outset scrutinized Appellant's claims incorrectly by imposing the heightened burden of proof applicable to a serial petition to what was an amended first petition. As a result, the court apparently deemed all claims unavailing due to the absence of a miscarriage of justice before delving into their merits.

Second, the court perceived itself, through application of the coordinate jurisdiction rule, beholden by the rulings it made upon PCRA claims in 2021 based on how Attorney Lingle litigated them. However, as Appellant aptly contends, that rule is not implicated in these circumstances. **See** Appellant's brief at 17. The coordinate jurisdiction rule provides that "judges of coordinate jurisdiction should not overrule each other's decisions." ***Brader v. Allegheny Health Network***, 349 A.3d 210, 217 (Pa.Super. 2025) (cleaned up). The "rule applies only where a second judge purports to review the order of a different judge. It does not prevent a judge from re-examining and correcting his or her own rulings." ***Gateway Towers Condo. Ass'n v. Krohn***, 845 A.2d 855, 861 (Pa.Super. 2004) (cleaned up). Moreover, the rule does not apply when "the order is appealable and an appeal therefrom is successfully prosecuted." ***Golden***, 600 A.2d at 570. Here, the PCRA court's initial ruling was indeed appealable and appealed, this Court vacated it, and we remanded the case for the court to examine whether Attorney Lingle's prosecution of the issues was constitutionally deficient. ***See Crosby***, 2022 WL 1679290, at *1.

Given these errors in applying the law, we are obliged to once again vacate the order disposing of Appellant's first PCRA petition, as amended, and to remand for the PCRA court to analyze the claims raised in Appellant's third amended PCRA petition anew, unbound by its initial rulings and without imposing a heightened manifest injustice hurdle upon Appellant's right to relief. **Accord Commonwealth v. Crispell**, 193 A.3d 919, 930 (Pa. 2018) (remanding for court to readdress issue it resolved through application of the incorrect legal standard); **Commonwealth v. Sullivan**, 820 A.2d 795, 807 (Pa.Super. 2003) (same). It is up to the PCRA court's discretion whether to schedule additional hearings or briefing before entering a new order disposing of Appellant's claims in a manner consistent with the applicable legal principles.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/22/2026